In re KING RESOURCES COMPANY, SECURITIES LITIGATION.

**ROYAL RESOURCES CORPORA-TION, a Delaware Corporation, et al., Appellants,**

v.

**Harold BOTTGER et al., Appellees.**

Nos. 74–1771–72.

United States Court of Appeals, Tenth Circuit.

Argued July 10, 1975.

Decided Nov. 13, 1975.

P. B. Konrad Knake, Jr., White & Case, New York City (H. Clay Whitlow, Dawson, Nagel, Sherman & Howard, Denver, Colo., with him on the brief), Paul E. Goodspeed, Shaw & Coghill, Denver, Colo. (Richard H. Shaw, H. Thomas Coghill, Shaw & Coghill, Denver, Colo., and Charles W. Boand, George

W. Thompson, Wilson & McIlvaine, Chicago, Ill., with him on the brief), for appellant, Arthur Andersen & Co.

C. Henry Roath, Jay W. Enyart, Roath & Brega, Denver, Colo., on the brief for appellants, Royal Resources Corp., Royal Resources Exploration, Inc., Edward R. Annis, Marvin R. Barnett, George C. Hardin, Jr., Charles F. McCoy, David E. Melendy, and Paul W. Fairchild.

Donald J. McLachlan, Matthew J. Iverson, John M. Christian, Isham, Lincoln & Beale, Chicago, Ill., and Jeffrey A. Hyman, Elliott & Greengard, Denver, Colo., on the brief for appellants, Peterson, Ross, Rall, Barber & Seidel, and Herbert C. Loth, Jr.

Ernest W. Lohf, Paul F. Hultin, Lohf & Barnhill, P. C., Denver, Colo., on the brief for appellants, Myer Feldman, Joseph J. Foss, Stanley D. Hope, Arthur J. C. Underhill, Grover E. Murray, and J. L. Burke.

Edgar H. Brenner, Robert D. Rosenbaum, Arnold & Porter, Washington, D. C., and Harold Taft King, Denver, Colo., on the brief for appellants, Ginsburg, Feldman & Bress.

Robert J. Dyer, III, Bader & Dufty, Denver, Colo. (Gerald L. Bader, Jr., Denver, Colo., and Eugene W. Landy, Landy & Spector, Eatontown, N. J., with him on the brief), for appellees.

Before SETH, McWILLIAMS and DOYLE, Circuit Judges.

PER CURIAM.

This is an appeal sought by the defendants from a class certification under Rule 23, Fed.R.Civ.P. Under the trial court's order, some 16,000 individuals who purchased limited partnership interests in twenty-five or twenty-six partnerships for oil development or prospecting were made a class in this action against a group of individual and corporate defendants. The complaint asserted common law causes and causes under the federal securities acts.

The defendants seek an appeal from the class action order.

The standards for review of appeals sought from the entry of orders under Rule 23 are set forth in *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732, and in *Cohen v. Beneficial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528. We have recently examined the standards in a securities act case, *Seiffer v. Topsy's International, Inc.,* 520 F.2d 795 (Tenth Circuit, 1975). *See also In re Cessna Aircraft Distributorship Anti-Trust Litigation, White Industries, Inc. v. Cessna Aircraft Co.,* 518 F.2d 213 (8th Cir.); *Rodgers v. United States Steel Corp.,* 508 F.2d 152 (3d Cir.); and *General Motors Corp. v. City of New York,* 501 F.2d 639 (2d Cir.).

The plaintiffs have here asserted several claims against the defendants in broad terms. We understand from the oral arguments that the common law claims have now been dropped, leaving the causes which accrued over a considerable period of time, and based on the federal security acts.

The defendants are a diverse group with quite different duties and responsibilities placed upon them by the federal acts. The defendants include the twenty-five or twenty-six limited partnerships, the corporate general partners, the officers and directors of the general partners, the parent management companies of the general partners, certain underwriters, attorneys, accountants for the partnerships and for related companies, and individuals. The directness of the transactional relationship between the plaintiffs and the defendants varies greatly. There are derivative claims asserted as well as direct claims. One of the general partners is undergoing reorganization.

The standard of "irreparable harm" urged by the parties seeking review was referred to in *Seiffer v. Topsy's International, Inc.,* 520 F.2d 795 (10th Cir.), as the expenses faced by defendants in defense of a class action, and whether or not the action would proceed regardless of a class action certification. This was one of the standards referred to by the

court in *Rodgers v. United States Steel Corp.,* 508 F.2d 152 (3d Cir.), and in *General Motors Corp. v. City of New York,* 501 F.2d 639 (2d Cir.), as expense matter alone in the defense of a large class action suit.

It is apparent that in the case before us, the defendants may be put to great expense in defense of the action as it now stands, and that this expense could possibly constitute irreparable harm. This is always a possibility, but perhaps somewhat more here in view of the vagueness of the claims, the period of time concerned, and the presence of such a diverse group of defendants; nevertheless, it is too early to tell with sufficient certainty to entertain this appeal.

Thus this application for review has been made prematurely, for the reason that the trial court has not yet sought to create subclasses, has not been asked to do so, and is presently narrowing the issues.

We have not examined the claims of conflicting interests of those representing certain plaintiffs which were argued on this review, as this is a problem for the trial court at this stage of the proceedings.

The appeal is dismissed.