396 F.2d 448
 Ernest N. HAYES and Stanley Yagla on Behalf of Themselves and all others similarly situated
v.
SEALTEST FOODS DIVISION OF NATIONAL DAIRY PRODUCTS CORPORATION, Isaly Dairy Co. of Pittsburgh, Otto Milk Company, Meadow Gold Dairies, Inc., Homer H. Martz, Howard L. Smith, N. E. Sampson, Jay M. Hauger and Frank McKinney, Ernest N. Hayes, Appellant.
Ernest N. HAYES and Stanley Yagla on Behalf of Themselves and all others similarly situated
v.
DAIRYMEN'S CO-OPERATIVE SALES ASSOCIATION, Incorporated, Ernest N. Hayes, Appellant.
 No. 16695.
 No. 16696.
 United States Court of Appeals Third Circuit.
 Argued January 9, 1968.
 Decided May 6, 1968.
 Rehearing Denied June 20, 1968.
 
 Paul A. Simmons, Tempest & Simmons, Monongahela, Pa., for appellant in both cases.
 Frank L. Seamans, Eckert, Seamans & Cherin, Pittsburgh, Pa. (Robert C. McCartney, Edward G. O'Connor, Pittsburgh, Pa., on the brief), for appellee, Sealtest Foods Division of National Dairy Products Corp.
 Thomas W. Pomeroy, Jr., Kirkpatrick, Pomeroy, Lockhart & Johnson, Pittsburgh, Pa. (W. Walter Braham, Jr., Harry W. Turner, Pittsburgh, Pa., on the brief), for appellees, Homer H. Martz; Howard L. Smith; N. E. Sampson; Jay M. Hauger; Frank McKinney; and Dairymen's Co-Operative Sales Association.
 Walter T. McGough, Harry H. Weil, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for appellee, Otto Milk Co.
 James A. Bell, Thorp, Reed & Armstrong, Pittsburgh, Pa., for appellee, Isaly Dairy Co. of Pittsburgh.
 Harry S. Dunmire, H. R. Winton, Jr., John P. Fox, Jr., Chicago, Ill., for appellee, Meadow Gold Dairies, Inc.
 Before McLAUGHLIN, FREEDMAN and SEITZ, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 Plaintiffs appeal from the judgment of the district court dismissing their composite amended complaint ("complaint") with prejudice for failure to state a claim. This came after their two civil actions were consolidated.
 
 
 2
 Plaintiffs, Pennsylvania milk producers, brought these class actions under Sections 1 and 2 of the Sherman Act[1] on behalf of themselves and all other Pennsylvania producers who sell Grade A milk to the defendant Dairymen's Co-operative Sales Association, Inc. ("Cooperative"). Other defendants are the officers and directors of the Cooperative as well as four milk processors in Pennsylvania Milk Control Area No. 2.
 
 
 3
 The complaint, as we construe it, does not assert any claims based on rebates or other alleged illegal activity arising out of interstate shipment of Pennsylvania milk. It does assert a course of conduct which can be construed as a boycott and therefore is substantially similar to that type of claim considered by this court in Knuth v. Erie-Crawford, et al., 395 F.2d 420 (May 3, 1968). As to this claim we follow the conclusion reached in Knuth, and remand to the district court to apply the procedures outlined in Knuth to the extent appropriate.
 
 
 4
 While apparently attempts are made in the complaint to assert other claims, we are unable to identify them with any certainty. However, for the reasons given in Knuth, if the plaintiffs feel our construction of the complaint does not encompass all claims intended, they should apply to the district court for leave to amend in order to assert them.
 
 
 5
 Defendants contend, as they did in Knuth, that the class action aspect of this case is not before us. To the extent this contention involves issues substantially similar to those asserted in Knuth, we follow the Knuth conclusions. This case does have one factual difference which forms the basis for a contention not made in Knuth.
 
 
 6
 The order of the district court dismissing the class action aspects of the complaint was made long before the entry of the judgment which is the subject of the present appeal; and, of course, more than thirty days prior to the date of the filing of the notice of appeal now involved. Defendants argue that this court lacks jurisdiction because the class-action order was a final judgment which was not appealed within thirty days as required. In a sense then it involved rights of parties to represent a class. As such we believe its judgment status was controlled by present F.R.Civ.P. 54(b). Since the order did not contain the "finality" recitals permitted by the Rule, it was not appealable at least in the sense that plaintiffs were precluded from appealing because they did not appeal within 30 days from the entry of such order. Compare Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 (1956).
 
 
 7
 As to the dismissal of the class action aspect of the claims, we think, as we indicated in Knuth, that the use of new Rule 23(c) will aid the court in discharging its duty to determine whether plaintiffs will fairly and adequately protect the interests of the class.
 
 
 8
 The judgment is reversed and the matter remanded for proceedings consistent herewith.
 
 
 
 Notes:
 
 
 [1]
 15 U.S.C.A. § 1 and 15 U.S.C.A. § 2
 
 
 ON PETITION FOR REHEARING
 
 9
 Before HASTIE, Chief Judge, McLAUGHLIN, KALODNER, FREEDMAN, SEITZ and VAN DUSEN, Circuit Judges.
 
 OPINION OF THE COURT
 
 10
 PER CURIAM.
 
 
 11
 Defendants filed petitions for rehearing in banc on an opinion of this court dated May 6, 1968. One petition also requests clarification of that portion of the opinion which prescribes the procedure to be followed by the district court in determining whether plaintiff fairly and adequately protects the interests of the class. We deny the petitions for rehearing in banc, but we do adopt here the pertinent language from the opinion on the petition for rehearing in Knuth v. Erie-Crawford, et al., 395 F.2d 420 (3 Cir., May 3, 1968).
 
 
 12
 The petitions for rehearing will be denied.
 
 
 13
 McLAUGHLIN, Circuit Judge, votes to deny the petitions for rehearing.
 
 
 14
 KALODNER, Circuit Judge, would grant the petitions for rehearing.