**MONARCH ASPHALT SALES CO., INC., et al., Applicants for Intervention and Appellants,**

v.

**WILSHIRE OIL COMPANY OF TEXAS et al., Defendants-Appellees.**

Nos. 74–1196, 74–1391.

United States Court of Appeals, Tenth Circuit.

Argued Nov. 14, 1974.

Decided Feb. 26, 1975.

Rehearing Denied April 4, 1975.

---

John A. Claro, Oklahoma City, Okl. (Bert Barefoot, Jr., Edward H. Moler, Joseph A. Claro and Barefoot, Moler & Claro, Oklahoma City, Okl., on the brief), for appellants.

R. L. Davidson, Jr., Tulsa, Okl., for Empire Const., Inc., appellant in No. 74–1391.

Jay M. Galt and Clyde J. Watts, Oklahoma City, Okl., for B & P Const. Co. and K–P Const. Co., appellants in No. 74–1391.

Lynn F. Wade, Fayetteville, Okl., for Anchor Const. Co., appellant in No. 74–1391.

A. Duncan Whitaker, Washington, D. C., for defendants-appellees. With him on the brief were Coleman Hayes, Oklahoma City, Okl., and M. R. Glover, Chicago, Ill., for Standard Oil Co.; Gordon F. Rainey, Oklahoma City, Okl., and Colvin A. Peterson, Jr., Kansas City, Kan., for American Petrofina Co. of Tex.; Edward F. Howrey, A. Duncan Whitaker, John R. Fornaciari, Washington, D. C., Charles F. Rice, New York City, and S. M. Groom, Jr., Oklahoma City, Okl., for Mobil Oil Corp.; Coleman Hayes, Willard P. Scott and Carl G. Engling, Oklahoma City, Okl., for Kerr-McGee Corp.; C. W. McDermott, V. P. and Gen. Counsel, Colo. Oil & Gas Corp., Denver, Colo., Peter B. Bradford and Joseph W. Kennedy, Morris, Laing, Evans, Brock & Kennedy, Chartered, Wichita, Kan., for Colo. Oil & Gas Corp.; John A. Ladner, Tulsa, Okl., and John J. Runzer, Philadelphia, Pa., for Sun Oil Co. of Pennsylvania; John H. Cantrell, Oklahoma City, Okl., for Mid-America Refining Co., Inc.; V. P. Crowe, Oklahoma City, Okl., John W. Hammett, Houston Tex., and John S. Kerr, Oklahoma City, Okl., for APCO Oil Corp.; S. E. Floren, Bartlesville, Okl., R. B. McDermott, Tulsa, Okl., Thomas M. Blume and Thomas L. Barton, Denver, Colo., for Phillips Petroleum Co.; John F. Smith and Sam C. Oliver, Tulsa, Okl., for Skelly Oil Co.; Robert H. Bingham and Robert L. Gowdy, Kansas City, Kan., for Farmland Industries; and Robert J. Woolsey and Lawrence A. G. Johnson, Tulsa, Okl., for Wilshire Oil Co. of Tex.

Before LEWIS, Chief Judge, and BREITENSTEIN and McWILLIAMS, Circuit Judges.

BREITENSTEIN, Circuit Judge.

This suit is another episode in the liquid asphalt antitrust litigation. See Standard Industries, Inc. v. Mobil Oil Corporation, 10 Cir., 475 F.2d 220, cert. denied 414 U.S. 829, 94 S.Ct. 55, 38 L.Ed.2d 63, and United States v. Wilshire Oil Company of Texas, 10 Cir., 427 F.2d 969, cert. denied 400 U.S. 829, 91 S.Ct. 58, 27 L.Ed.2d 59. The court denied class status to certain contractors who then sought to intervene. The court rejected the interventions. We affirm.

The named plaintiffs are the Board of County Commissioners of Custer County, Oklahoma, a public body, and J. D. Metcalfe, Inc., a private contractor. As purchasers of liquid asphalt, they sued on behalf of themselves and other purchasers of liquid asphalt in a three-state area. Defendants are 12 sellers of liquid asphalt. The charge is price rigging during the period July 22, 1961–December 31, 1968, in violation of the Clayton and Robinson-Patman Acts.

Plaintiffs moved for a Rule 23(c)(1) order that the suit be certified as a class action. Defendants objected and asserted that the action was barred by the statute of limitations. The trial court deferred the limitation issue until decision on the class action motion.

On February 28, 1973, the court ruled out all putative class members from states other than Oklahoma, approved class status for all Oklahoma public bodies, and denied class status to the Oklahoma private contractors. During the period April 9–13, 1973, nine contractors filed petitions for leave to intervene. The trial court upheld defendants' contentions that the interventions were barred by the statute. The appeals are by the nine contractors who were denied intervention.

■ The first question is the reviewability of the order denying class status. Barring the death knell exception, not

applicable here, an order denying class status is interlocutory and not appealable. See Eisen v. Carlisle & Jacquelin, 2 Cir., 370 F.2d 119, 121, cert. denied 386 U.S. 1035, 87 S.Ct. 1487, 18 L.Ed.2d 598; Falk v. Dempsey-Tegeler & Co., Inc., 9 Cir., 472 F.2d 142, 143. See also Herbst v. International Telephone and Telegraph Corp., 2 Cir., 495 F.2d 1308, 1311; Eisen v. Carlisle & Jacquelin, 2 Cir., 479 F.2d 1005, 1007 n. 1, vacated 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732.

■ On March 13, 1974, the trial court entered "final judgment" in favor of defendants and against intervenors and in so doing complied with Rule 54(b), F.R. Civ.P. The general rule is that interlocutory orders from which no appeal lies are merged into the final judgment and open to review on appeal from that judgment. Atchison, Topeka and Santa Fe Railway Co. v. Jackson, 10 Cir., 235 F.2d 390, 392, and Skirvin v. Mesta, 10 Cir., 141 F.2d 668, 671–672.

■ Apparently there are no cases on the question of whether a person denied class status and intervention can, on appeal from denial of intervention, raise as error denial of class status. The general rule is applicable. Nothing in American Pipe & Construction Co. v. Utah, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713, justifies a contrary result. Accordingly, the class action order is presently reviewable.

■ A class action may be maintained if all four prerequisites of Rule 23(a), and at least one of the prerequisites of Rule 23(b), are satisfied. Class action certification is discretionary with the trial judge. Wilcox v. Commerce Bank of Kansas City, 10 Cir., 474 F.2d 336, 342–347. The question is abuse of discretion.

■ The complaint pleads an overall class of purchasers of liquid asphalt. No one attacks the order limiting that class to Oklahoma purchasers. Those purchasers are divided into two subclasses, (1) public bodies and (2) private contractors. Rule 23(c)(4)(B) says that "a class may be divided into subclasses and each subclass treated as a class, and the provisions of this rule shall then be construed and applied accordingly." The interests of public bodies and private contractors are divergent rather than similar. Representatives of one group may not adequately represent members of another group. These factors justify the discretionary creation of the two appropriate subclasses. See 3B Moore's Federal Practice ¶ 23.65, p. 23–1251. Each subclass must meet the prerequisites established by the rule. 7A Fed.Pract. & Proc. § 1790, pp. 191–192. The class composed of members of the public group meets the requirements of Rule 23(a) and (b).

■ The situation of the private contractors is different. The prerequisites of Rule 23(a)(1), numerosity, and (4), fair and adequate representation, were not satisfied. The class of Oklahoma private contractors had 37 potential members. The court doubted, and we doubt, that joinder of all members was impracticable.

■ With regard to representation, the court found that the purported representative, Metcalfe, Inc., could not fairly and adequately represent the class because it had not been in the road construction business, and had not purchased liquid asphalt, for four years prior to the filing of this suit. A class action may not be maintained by a putative representative who is not a member of the class. Bailey v. Patterson, 369 U.S. 31, 32–33, 82 S.Ct. 549, 7 L.Ed.2d 512; Fed.Pract. & Proc. § 1761, p. 584; 3B Moore's Federal Practice ¶ 23.04, p. 23–254. Fair and adequate representation requires more than competent counsel. The putative representative must have a common interest with class members. See Free World Foreign Cars, Inc. v. Alfa Romeo, S.D.N.Y., 55 F.R.D. 26, 28–29. In the instant case it was not a member of the class when suit was brought.

■ Although consideration of Rule 23(b) is unnecessary when, as here, Rule 23(a) is not satisfied, the court discussed the Rule 23(b) requirement that a class be "superior to other available methods

for the fair and efficient adjudication of the controversy," and made three points. First, there was prior litigation in which the contractors could have been, but were not, joined and in which they could have, but did not, intervene. Second, the contractors are sophisticated and economically powerful entities "fully able to make intelligent and informed decisions regarding the institution of antitrust litigation." Third, representatives of two contractors, which purchase large quantities of liquid asphalt, testified as defense witnesses before the same judge in the previous litigation relating to price rigging in defendants' sales of liquid asphalt. The court said that if their companies are within the class their admissions "might be extremely harmful to the cause of action of the political subdivisions."

Esplin v. Hirschi, 10 Cir., 402 F.2d 94, 101, cert. denied 394 U.S. 928, 89 S.Ct. 1194, 22 L.Ed.2d 459, holds that in doubtful class actions certification of the class is to be favored. In Wilcox, 474 F.2d at 344, we said that the Esplin doctrine "should not be extended to limit unreasonably the sound discretion of trial courts" in class action cases. We have problems of numerosity under Rule 23(a)(1), of fair and adequate representation under Rule 23(a)(4), and of superiority of class action procedure under Rule 23(b)(3). The court properly exercised its discretion in denying class status to the Oklahoma private contractors.

The February 28, 1973, order denying class status said that "those entities [contractors] as are desirous of so doing will have forty-five days from this date within which to seek to intervene as a co-Plaintiff herein." Nine petitions to intervene were filed in the April 9–13 period. The court denied leave to intervene because of the bar of the statute of limitations.

Section 15b, 15 U.S.C., bars private civil antitrust actions "unless commenced within four years after the cause of action accrued." Section 16(b), 15 U.S.C., suspends the four-year statute during proceedings brought by the United States to enforce the antitrust statutes "and for one year thereafter," provided that when the running of the statute is suspended an action "shall be forever barred unless commenced either within the period of suspension or within four years after the cause of action accrued."

The § 16(b) suspension period applied during the pendency of United States v. Wilshire Oil Company. The Supreme Court denied certiorari in that case on October 12, 1970, 400 U.S. 829, 91 S.Ct. 58, 27 L.Ed.2d 59. Under Supreme Court Rule 58, the losing certiorari petitioners had 25 days to file a petition for rehearing. Although none was filed, the case was pending in the Supreme Court during the 25 days. The suspension period ended November 6, 1971. The original complaint herein was filed October 12, 1971.

In American Pipe & Construction Co. v. Utah, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713, the Court considered the suspension period in a case where class status was denied for failure to meet the numerosity requirement of Rule 23(a)(1). When the class action was filed, 11 days remained of the suspension period. The Court held, 414 U.S. at 561, 94 S.Ct. at 770, that the § 16(b) suspension period was tolled "during the pendency of the motion to strip the suit of its class action character," and sustained interventions filed eight days after the order denying class action certification. The Court noted that otherwise parties could protect themselves only by motions to join or petitions in intervention, "precisely the multiplicity of activity which Rule 23 was designed to avoid." 414 U.S. at 551, 94 S.Ct. at 765.

In the instant case 26 days of the suspension period remained when class status was denied the private contractors. The first petitions in intervention were presented 40 days thereafter. American Pipe may not be distinguished on the differences between the two cases for denial of class status, or on the fact that there intervention was permitted and here it was denied. The holding in American Pipe cuts both ways.

Appellants say that intervention into a certified class action automatically relates back to the date on which the original action was filed. Before the amendments to Rule 23 this suit would have been known as a spurious class action. As pointed out in American Pipe under old Rule 23 the circuits were in disagreement "as to whether parties should be allowed to join or intervene as members of a 'spurious' class after the termination of a limitation period, when the initial class action complaint had been filed before the applicable statute of limitations period had run." 414 U.S. at 549, 94 S.Ct. at 764. The Court said that under the new rule the concept that one joining a class after the statutory period must individually meet the time period is not applicable. 414 U.S. at 550, 94 S.Ct. 756. By the same token, the concept of relation back, by which intervention into old Rule 23 class actions was allowed after the running of the statute, does not control here. If in American Pipe the Court had believed that relation back controlled, it would not have gone into its long discussion of Rule 23. The Court says nothing which would except those members of a subclass which was denied participation in a class action from the operation of its conclusions.

Interveners say that they were misled by the February 28 order and had the right to assume that interventions could be filed within the 45-day period. The argument is of no avail. The courts must strictly adhere to statutory limitation periods. Kavanagh v. Nobel, 332 U.S. 535, 539, 68 S.Ct. 235, 92 L.Ed. 150. See also American Pipe, 414 U.S. at 556, 94 S.Ct. 756. Burnett v. New York Central Railroad Co., 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941, does not aid interveners. There a state court suit tolled the statute and was still pending when the federal suit was filed. The Court expressly rejected the argument that the statute was tolled for a reasonable time after determination of the state suit. 380 U.S. at 435, 85 S.Ct. 1050.

On March 1, 1973, the named plaintiff contractor moved under Rule 59(a) and (e) for a new trial or to amend the February 28 rejection of class status for the contractors. The motion was denied April 16, 1973. Interveners claim that the statute was tolled until the disposition of the motion. They cite no pertinent authority.

The provisions of Rule 59 apply to new trials and amendments of judgments. No judgment was entered on February 28. There had been no trial. The order was interlocutory and not appealable. Although Rule 59 motions may extend the time for appeal from judgments and appealable orders, see F.R.A.P. Rule 4(a), they do not stay interlocutory orders or toll the running of a limitation period.

On February 15, 1974, the named plaintiff contractor orally moved to amend the February 18, 1973, order, and the court denied the motion. This attempt to avoid the bar of the statute was untimely and properly denied.

The notices of appeal in our 74–1196 were filed on March 14, 1974. On March 27 the named plaintiffs moved in the district court to amend the complaint by adding as additional plaintiffs seven of the contractors with which we are concerned. Additionally, plaintiffs requested that the amendment relate back to the date of filing the original complaint. We doubt whether this matter is properly before us. If it is, nothing more need be said than that the trial court did not abuse its discretion in denying the belated effort to amend.

The interventions were not within the suspension period or any tolling thereof. They did not relate back to the filing of the original complaint. We have a Rule 24(b) permissive intervention. The liquid asphalt sellers were indicted in 1966 for price-rigging antitrust violations, pleaded nolo contendere, and were fined. See Wilshire Oil Co., 427 F.2d at 971. Interveners had notice of the situation and slept on their rights. They did not seek to intervene in a previous civil antitrust action relating to sales of liquid asphalt. See Standard Industries, 475 F.2d at 220. Possible preju-

dice to the public bodies arises from testimony given by representatives of two contractors in support of the liquid asphalt sellers in the prior litigation. The trial court did not abuse its discretion in denying intervention.

Affirmed.