520 F.2d 1205
 11 Fair Empl.Prac.Cas. 1330,
10 Empl. Prac. Dec. P 10,439
Leno KNOX, Plaintiff-Appellant,
v.
AMALGAMATED MEAT CUTTERS & BUTCHERS WORKMEN OF NORTH
AMERICA, AFL-CIO andLocal P-591, and Gulf Atlantic
Distribution Services, Defendants-Appellees.
 No. 75-2440
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Oct. 10, 1975.
 Alvin J. Bordelon, Jr., New Orleans, La., for plaintiff-appellant.
 Marian Halley, E.E.O.C., Washington, D. C., for amicus curiae.
 Lawrence B. Jones, New Orleans, La., for Amalg. Meat Cutters.
 David E. Walker, New Orleans, La., for Gulf Atlantic, Etc.
 Appeal from the United States District Court for the Eastern District of Louisiana.
 Before WISDOM, BELL and CLARK, Circuit Judges:
 PER CURIAM:
 
 
 1
 This appeal is taken by the plaintiff, Leno Knox, from an order of the district court granting class action status to his action under 42 U.S.C. § 2000e et seq. (1970) but defining the class much more narrowly than requested.
 
 
 2
 An order granting class action status is not ordinarily appealable as a final order under 28 U.S.C. § 1291. Compare Katz v. Carte Blanche Corporation, 496 F.2d 747, 752 (3d Cir. 1974) cert. denied, 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974) with Herbst v. International Telephone & Telegraph Corp., 495 F.2d 1308 (2d Cir. 1974). There may be situations in which the "grant" of a right to proceed as a class is so narrowed as to amount to a substantial denial of the right to so proceed, thus making the "death knell" test appropriate. This is not urged to be such a case. If the instant order is appealable it must be qualified under 28 U.S.C. § 1292(b). Accordingly, this cause is remanded to the district court for a decision by the district judge whether to make the findings and conclusions required by that statute. See Johnson v. Georgia Highway Express, Inc., 417 F.2d 1122 (5th Cir. 1969). If no such determinations are made, this court would lack jurisdiction of the appeal. Of course, we intimate no view either way on any of the factors involved in such determinations.
 
 
 3
 Remanded with directions.
 
 
 
 *
 Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409