**Harry L. HELLERSTEIN, Plaintiff-Appellee,**

v.

**MR. STEAK, INC., Defendant-Appellant,**

**James A. Mather et al., Defendants.**

**No. 75–1087.**

United States Court of Appeals, Tenth Circuit.

Argued Nov. 10, 1975.
Decided Feb. 20, 1976.

---

Daniel W. Krasner, New York City (Brenman, Sobol & Baum and Pomerantz, Levy, Haudek & Block, New York City, on the brief), for plaintiff-appellee.

Sanford B. Hertz, Denver, Colo. (Robert W. Hite, Denver, Colo., on the brief), for defendant-appellant.

Before LEWIS, Chief Judge, and SETH and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

This is an appeal from an order of the trial court granting class action status to an action brought by one Hellerstein against Mr. Steak, Inc., and certain of its directors and officers, for an alleged prospectus fraud in violation of § 11 of the Securities Act of 1933 and in further violation of the rules and regulations of the Securities and Exchange Commission promulgated thereunder. 15 U.S.C. § 77k. In his complaint Hellerstein alleges that he brought the action on his own behalf and representatively on behalf of all persons who purchased common stock of Mr. Steak pursuant to a public offering on April 22, 1969, or thereafter between April 22, 1969, and August 31, 1969. As far as Hellerstein himself is concerned, it is apparently agreed that he purchased 25 shares of common stock of Mr. Steak, Inc., for $375, and that he later sold this stock for $50 and thereby sustained a loss of $325.

On December 24, 1974, the trial court signed a formal order granting Hellerstein's request that the action proceed as a class action. On that same date the trial court also entered a further order permitting an immediate appeal under 28 U.S.C. § 1292(b).

On January 3, 1975, counsel for Mr. Steak and the other defendants filed a notice of appeal. However, no petition for permission to appeal was filed with the clerk of this court within ten days as required by 28 U.S.C. § 1292(b), and Rule 5 of the Federal Rules of Appellate Procedure. In fact no such petition was ever filed in this court. However, on March 14, 1975, Mr. Steak did file in this court a motion for an enlargement of time within which to file a Rule 5(a) petition. This motion was denied by a panel of this court by minute order entered March 25, 1975.

■ The trial court's order that the present proceeding go forward as a class action is not now subject to review under 28 U.S.C. § 1292(b). Where an interlocutory

order of a trial court is certified by the trial court for immediate appeal under 28 U.S.C. § 1292(b), but thereafter no petition to appeal from such interlocutory order is presented to the circuit court within the ten-day period prescribed by 28 U.S.C. § 1292(b) and Rule 5, a court of appeals is without jurisdiction to hear the appeal. That Mr. Steak and the other defendants filed a notice of the appeal in the trial court within ten days of the order granting class action status does not constitute compliance with the requirements of 28 U.S.C. § 1292 and Rule 5. *Alabama Labor Counsel Public Employees Local 1279 v. Alabama,* 453 F.2d 922 (5th Cir. 1972); *Wagner v. Burlington Industries, Inc.,* 423 F.2d 1319 (6th Cir. 1970); and *Milbert v. Bison Laboratories, Inc.,* 260 F.2d 431 (3d Cir. 1958). Accordingly, we are without jurisdiction under 28 U.S.C. § 1292(b) to review the propriety of the trial court's order granting class action status.

■ The main issue is whether the order of the trial court granting class action status may be reviewed by us on its merits under 28 U.S.C. § 1291. Resolution of that issue is in turn dependent on a determination as to whether the order of the trial court simply granting class action status is a "final decision" within the meaning of 28 U.S.C. § 1291. We conclude that the order in the instant case is not such a final decision as is contemplated by 28 U.S.C. § 1291, and we therefore dismiss the appeal.

Much has been written on the general subject of the appealability of an order of a trial court granting or denying class action status. We do not propose here to make any major contribution to that vast reservoir of judicial writing. We would simply hold that an order of a trial court which merely grants a request that an action proceed as a class action under Fed.R.Civ.P. 23 is not a final decision under 28 U.S.C. § 1291 and hence notice of appeal will not lie to such order. In support of our holding, see such cases as *Blackie v. Barrack,* 524 F.2d 891 (9th Cir. 1975); *In re Cessna Aircraft Distrib. Antitrust Litigation,* 518 F.2d 213 (8th Cir. 1975), *cert. denied,* 423 U.S.

947, 96 S.Ct. 363, 46 L.Ed.2d 282 (1975); *Rodgers v. United States Steel Corp.,* 508 F.2d 152 (3d Cir. 1975), *cert. denied,* 423 U.S. 832, 96 S.Ct. 54, 46 L.Ed.2d 50 (1975); and *Walsh v. City of Detroit,* 412 F.2d 226 (6th Cir. 1969).

We do not believe our holding to be in any way at odds with either *Cohen v. Beneficial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) or *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). In *Beneficial Loan* the Supreme Court held that a final decision under 28 U.S.C. § 1291 was not limited to "those final judgments which terminate an action." In *Beneficial Loan* a stockholder's derivative action was brought against the corporation. Federal jurisdiction was based on diversity. The trial court held that a state statute which required the plaintiff to give security prior to trial for the expenses reasonably anticipated by the defendant in defense of the action was inapplicable in a federal proceeding. On appeal the Third Circuit reversed and held the state statute to be applicable to the plaintiff. *See Beneficial Industrial Loan Corp. v. Smith,* 170 F.2d 44 (3d Cir. 1948). On certiorari the Supreme Court affirmed, and on the appealability issue held that the order sought to be appealed from "appears to fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." 337 U.S. at 546, 69 S.Ct. at 1225.

So, in *Beneficial Loan,* an order relating to whether the plaintiff had to give security for defendant's anticipated expense in defending an action *prior* to the action going forward was held to be a final decision on that particular matter within the meaning of 28 U.S.C. § 1291. Needless to say, the background facts of *Beneficial Loan* bear little resemblance to those in the instant case. The issue before the Court in *Beneficial Loan* did not relate to any class action matter. Additionally, *Beneficial Loan* was

decided at a time when there was no interlocutory appeal as is now provided by 28 U.S.C. § 1292(b), and such suggests that *Beneficial Loan* should be reserved for the exceptional case.

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974) did involve a class action proceeding. There the trial court, under perhaps gentle prodding from the circuit court, reversed its earlier order and ordered that an antitrust and securities law action proceed as a class action. In connection therewith, the trial court also entered the further order that inasmuch as two and one-quarter million members of the prospective class could be identified by name and address and since it would cost $225,000 to send individual notice to all of them, that individual notice would only be sent to a limited number of the prospective class, and that as to the remainder of the class there would only be notice by publication. Furthermore, after a preliminary hearing, the trial court determined that the plaintiffs were "more than likely" to prevail at trial, and for that reason ordered that the defendants pay 90% of the cost of the notification scheme.

*Eisen* was before the Second Circuit on three occasions, and that court held in so-called *Eisen I* that the trial court's initial determination that the action should not proceed as a class action was a final decision under 28 U.S.C. § 1291. *Eisen v. Carlisle & Jacquelin*, 370 F.2d 119 (2d Cir. 1966). In *Eisen III*, the Second Circuit held, in effect, that the later order of the trial court granting class action status and the further order concerning notice and requiring prepayment of 90% of the notification expense by the defendant was also a final decision under 28 U.S.C. § 1291. *Eisen v. Carlisle & Jacquelin*, 479 F.2d 1005 (2d Cir. 1973).

On certiorari, the Supreme Court, on the appealability issue, held that the Second Circuit in *Eisen III* had jurisdiction under 28 U.S.C. § 1291 "to review fully the District Court's resolution of the class action notice problems in this case." It would appear to us that in thus holding the Supreme Court was not so much concerned with the mere order that the case proceed as a class action as it was with that part of the order relating to notice, and even particularly with that part of the notice order that saddled the defendant with 90% of the notification expense. In the instant case we are concerned with an order which only grants class action status, and the order sought to be reviewed makes no reference to notice.

Counsel for Mr. Steak relies on several cases emanating from the Second Circuit which hold that under certain circumstances an order of a trial court granting or denying class action status is a final decision under 28 U.S.C. § 1291.[1] It is true that the Second Circuit, at least in the past, has been a bit more inclined than other circuits to hold that an order granting or denying class action status is appealable under 28 U.S.C. § 1291. Whether in the light of certain recent cases as, for example, *Parkinson v. April Industries, Inc.*, 520 F.2d 650 (2d Cir. 1975), such is still the case is perhaps debatable. In *Parkinson* the Second Circuit held that an order of the trial court granting class action status and involving as it does a "discretionary ruling . . . that the prerequisites of Rule 23(a) and the requirements of Rule 23(b)(3) have been satisfied . . . is . . . [not] 'a finite and conclusive determination of judicial power'. . . . " and was not reviewable under 28 U.S.C. § 1291. 520 F.2d at 658. In a concurring opinion Judge Friendly would have gone further than the other members of the panel and would have held that orders merely granting or denying class action status, as distinguished from a class action order of the *Eisen* type involv-

---

**1.** *Eisen v. Carlisle & Jacquelin (Eisen I)*, 370 F.2d 119 (2d Cir. 1966), *cert. denied*, 386 U.S. 1035, 87 S.Ct. 1487, 18 L.Ed.2d 598 (1967); *Eisen v. Carlisle & Jacquelin (Eisen III)*, 479 F.2d 1005 (2d Cir. 1973), *vacated*, 417 U.S. 156,

94 S.Ct. 2140, 40 L.Ed.2d 732 (1974); *Herbst v. ITT*, 495 F.2d 1308 (2d Cir. 1974); and *Green v. Wolfe Corp.*, 406 F.2d 291 (2d Cir. 1968), *cert. denied*, 395 U.S. 977, 89 S.Ct. 2131, 23 L.Ed.2d 766 (1969).

ing notice and a requirement that the defendant prepay notification expense, are appealable only under the procedure for review of interlocutory orders as provided in 28 U.S.C. § 1292(b). In any event, whatever may be the rule in the Second Circuit, we are persuaded that our ruling in the instant case is the preferred one.

We further believe that our holding in the instant case is in substantial accord with our prior decisions bearing on this particular matter. In *Seiffer v. Topsy's International, Inc.*, 520 F.2d 795 (10th Cir. 1975), *cert. denied*, 423 U.S. 1051, 96 S.Ct. 779, 46 L.Ed.2d 640 (1976), we recognized that generally appealability under 28 U.S.C. § 1291 is "limited to final judgments reached after trial on the merits" and in that case we held that appellate review by us, before trial, of an order of the trial court certifying class action status is "jurisdictionally inappropriate."

In *Gerstle v. Continental Airlines, Inc.*, 466 F.2d 1374 (10th Cir. 1972), we held that an order "declassifying" an action was interlocutory and not final and appealable. In thus holding we noted that under Fed.R. Civ.P. 23(c)(1) an order by a trial court relating to class action status may be conditional and may be altered or changed before a decision on its merits. In this regard, *see also In re King Resources Co. Security Litigation*, 525 F.2d 211 (10th Cir. 1975), where an attempted appeal from an order certifying class action status was dismissed as being "premature."

The general rule is that an interlocutory order from which no appeal lies is merged into the final judgment and open to review on appeal from that judgment. For cases where an order of the trial court denying class action status was merged in the final judgment on the merits of the case and subject to review in an appeal from that final judgment, see *Monarch Asphalt Sales Co., Inc. v. Wilshire Oil Company of Texas*, 511 F.2d 1073 (10th Cir. 1975) and *Esplin v. Hirschi*, 402 F.2d 94 (10th Cir. 1968), *cert. denied*, 394 U.S. 928, 89 S.Ct. 1194, 22 L.Ed.2d 459 (1969).

Appeal dismissed.