558 F.2d 977
 1977-1 Trade Cases 61,519
 Ralph E. WEST, Eduardo Ramirez and Marilyn L. Segrist, on
behalf of themselves as Individuals and on behalf
of all others similarly situated,
Plaintiffs- Appellants,
v.
CAPITOL FEDERAL SAVINGS AND LOAN ASSOCIATION, Shawnee
Federal Savings and Loan Association, American Savings
Association of Kansas, Postal Savings and Loan Association,
and the Topeka Savings Association, together with Does 1
through 200, Defendants-Appellees.
 No. 77-1058.
 United States Court of Appeals,
Tenth Circuit.
 Argued and Submitted May 20, 1977.
Decided July 7, 1977.
 
 Arnold Levin, Philadelphia, Pa., Fred W. Phelps, Topeka, Kan. (Adler, Barish, Daniels, Levin & Creskoff, Philadelphia, Pa., of counsel and on the briefs), for plaintiffs-appellants.
 Harold S. Youngentob and Wesley A. Weathers, Topeka, Kan. (Donald Patterson of Fisher, Patterson, Sayler & Smith; William Hergenreter of Shaw, Hergenreter, Quarnstrom & Wright; Arthur E. Palmer of Goodell, Casey, Briman & Cogswell; Randall J. Forbes of Crane, Martin, Claussen, Hamilton & Barry and J. H. Eschmann of Ascough, Bausch & Eschmann, Topeka, Kan., on the briefs), for defendants-appellees.
 Before SETH, BREITENSTEIN and McWILLIAMS, Circuit Judges.
 BREITENSTEIN, Circuit Judge.
 
 
 1
 This class action suit charges violations of the Sherman and Clayton antitrust acts. 15 U.S.C. §§ 1, 15, 16, and 26. The district court denied class action certification and dismissed the case except insofar as it was brought by named plaintiffs. In its order of dismissal the court made the determination and direction required by Rule 54(b) to permit appellate review.
 
 
 2
 The three named plaintiffs sue for themselves and "on behalf of all persons in the State of Kansas who have borrowed money secured by a first lien on their homes from any of the defendant lending institutions." The defendants are five named Kansas savings and loan associations, "together with Does 1 through 200." The basic charge is that the plaintiffs, as borrowers, were required to pay monthly, in addition to the mortgage payments, one-twelfth of the yearly taxes, assessments and insurance premiums on the mortgaged property. These payments went into a non-interest bearing escrow account which the lenders commingled with other funds for profit-making purposes. The lender applies the escrows to the payment of taxes, assessments, and insurance premiums when due. The annual interest rate on the loan is not calculated with reference to the fact that the lender holds the escrows without paying interest thereon.
 
 
 3
 The complaint charged violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., the Sherman and Clayton antitrust laws, and various pendent state claims based on breach of fiduciary duty, unjust enrichment, fraud, and usury. The plaintiffs have abandoned the claims under the Truth in Lending Act. The antitrust claims are conspiracy, parallel behavior different from previously divergent behavior, and use of illegal tie-ins. The complaint prays for declaratory and injunctive relief, general damages of five hundred million dollars, punitive damages of one billion five hundred million dollars, attorneys' fees, and costs.
 
 
 4
 The defendants filed motions to dismiss for failure to state a claim and other reasons. Plaintiffs requested, and defendants gave, answers to extensive interrogatories. The deposition of each of the named plaintiffs was taken. Plaintiffs moved for class certification under Rule 23(c), F.R.Civ.P. After briefing, the court denied class certification, and dismissed the action. On plaintiffs' motion for reconsideration, the court modified its previous order by dismissing the action as to all but the named plaintiffs, ruling that there was no just reason for delaying judgment against the others, and ordering the entry of final judgment against them and in favor of the defendants.
 
 
 5
 The threshold question is the jurisdiction of the court of appeals. Plaintiffs-appellants rely on Rule 54(b), F.R.Civ.P., and 28 U.S.C. § 1291. On the record presented, 28 U.S.C. § 1292(b) relating to interlocutory appeals is not applicable because the trial court did not make the statement which that section requires.
 
 
 6
 We first consider Rule 54(b) which relates to actions in which there are multiple claims or multiple parties. The court may direct the entry of a final judgment as to one or more, but fewer than all, the claims or parties only upon an express determination that there is not just reason for delay and an express direction for the entry of judgment. The trial court made both the required determination and direction.
 
 
 7
 The notice of appeal was filed by the attorney for the plaintiffs. The question of whether the attorney did so on behalf of the plaintiffs in their individual or representative capacity is not raised. In the circumstances we take it that he acted in each capacity. Liberality of interpretation is desirable. See Knuth v. Erie-Crawford Dairy Coop. Association, 3 Cir., 395 F.2d 420, 428, cert. denied 410 U.S. 913, 93 S.Ct. 966, 35 L.Ed.2d 278.
 
 
 8
 The notice of appeal is from both the denial of class certification and the dismissal of the action against the putative members of the class. At the time of dismissal the putative members were not parties to the suit. Class certification had been denied and no notice had been given to the non-appearing class members as required by Rule 23(c)(2) if the suit is to proceed as a class action. Until class certification is followed by notice the members of the potential class are "mere passive beneficiaries" who do not " have any duty to take note of the suit." American Pipe & Construction Co. v. Utah, 414 U.S. 538, 552, 94 S.Ct. 756, 765, 38 L.Ed.2d 713. Notice is "an unambiguous requirement of Rule 23." Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 176, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732. A personal judgment entered without jurisdiction over the person violates due process and is void. Hanson v. Denckla, 357 U.S. 235, 250, 78 S.Ct. 1228, 2 L.Ed.2d 1283. Accordingly, the judgment dismissing the action on behalf of the class is void and set aside.
 
 
 9
 The appeal of the named plaintiffs relates only to the denial of class certification. They are not affected by the dismissal of the action on behalf of the putative class. The question is whether the denial is a final, appealable order. Rule 54(b) "does not relax the finality required of each decision, as an individual claim, to render it appealable." Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 435, 76 S.Ct. 895, 899, 100 L.Ed. 1297.
 
 
 10
 To sustain Rule 54(b) review, plaintiffs cite Katz v. Carte Blanche Corporation, 3 Cir., 496 F.2d 747, 752, cert. denied 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125, where it is said that the dismissal of a complaint against absent class members was reviewable under Rule 54(b). The statement is dicta because Katz was a review under 28 U.S.C. § 1292(b). Katz cites Hayes v. Sealtest Foods Division of National Dairy Products Corp., 3 Cir., 396 F.2d 448. The consideration of Rule 54(b) in that case is not pertinent because the court found no compliance with the rule. In Windham v. American Brands, Inc., 4 Cir., 539 F.2d 1016, 1020, a Rule 54(b) certificate was accepted as permitting review of rejection of a class. The Fourth Circuit relied on the Third Circuit decisions in Katz and Hayes and did not discuss the problem.
 
 
 11
 In Monarch Asphalt Sales Co. v. Wilshire Oil Co. of Tex., 10 Cir., 511 F.2d 1073, we permitted a Rule 54(b) review of denial of class certification. In that case nine members of a subclass which was denied certification sought, and were denied, intervention. We held that the judgment denying intervention was appealable and that the interlocutory order denying class certification was merged into the final judgment and, hence, reviewable. Ibid. at 1077; see also Hellerstein v. Mr. Steak, Inc., 10 Cir., 531 F.2d 470, 474, cert. denied, 429 U.S. 823, 97 S.Ct. 75, 50 L.Ed.2d 85.
 
 
 12
 Monarch v. Wilshire did not involve an appeal by the named plaintiffs from an order denying class certification. It was an appeal by rejected class members who sought to intervene and appealed from the order denying intervention. In Monarch v. Wilshire we said, 511 F.2d at 1076-1077, that "(b)arring the death knell exception * * * an order denying class status is interlocutory and not appealable." See also Seiffer v. Topsy's International, Inc., 10 Cir., 520 F.2d 795, cert. denied 423 U.S. 1051, 96 S.Ct. 779, 46 L.Ed.2d 640.
 
 
 13
 The death knell concept originated in Eisen v. Carlisle & Jacquelin, 2 Cir., 370 F.2d 119, cert. denied 386 U.S. 1035, 87 S.Ct. 1487, 18 L.Ed.2d 598; 391 F.2d 555, 2 Cir.; and 479 F.2d 1005, 2 Cir., vacated and remanded, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732, and is predicated on the collateral order doctrine of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528. The reason for the relaxation of the finality requirement is the improbability of further prosecution of the action without class certification.
 
 
 14
 As we read the Supreme Court Eisen decision, it neither accepted nor rejected the death knell doctrine. See 417 U.S. at 169-172, 94 S.Ct. 2140; see also, United Air Lines, Inc. v. McDonald, --- U.S. ----, 97 S.Ct. 2464, 53 L.Ed.2d 423, n.4. It held that in the circumstances of the case the order granting class status was appealable to the court of appeals under the Cohen v. Beneficial collateral order doctrine.
 
 
 15
 The death knell exception to § 1291 finality has been criticized as a mechanical test which focuses narrowly on the plaintiff. See Hackett v. General Host Corporation, 3 Cir., 455 F.2d 618, 621-623, cert. denied 407 U.S. 925, 92 S.Ct. 2460, 32 L.Ed.2d 812, and concurring opinion of Judge Friendly in Parkinson v. April Industries, Inc., 2 Cir., 520 F.2d 650, 658-660. Some circuits have rejected, or refused to apply, the death knell concept. See King v. Kansas City Southern Industries, Inc., 7 Cir., 479 F.2d 1259-1260; and Falk v. Dempsey-Tegeler & Co., Inc., 9 Cir., 472 F.2d 142, 143-144. See also Williams v. Mumford, 167 U.S.App.D.C. 125, 511 F.2d 363, 366-369, cert. denied 423 U.S. 828, 96 S.Ct. 47, 46 L.Ed.2d 46, where the court found an appeal not to fit under the death knell exception.
 
 
 16
 We can add nothing to the analysis of the problem in Hackett,455 F.2d at 621-623, and Parkinson, 520 F.2d at 658-660. The death knell theory is that the case will not proceed without the presence of the class. We recognize the importance of class actions for the assertion of small claims against well financed corporate defendants. We agree that the finality requirement of § 1291 should be given a practical rather than technical effect. Ringsby Truck Lines, Inc. v. United States, 10 Cir., 490 F.2d 620, 624, cert. denied 419 U.S. 833, 95 S.Ct. 59, 42 L.Ed.2d 59. The primary field for operation of death knell is those "cases in which attorneys are willing to undertake on a contingent fee basis class actions for the recovery of money damages for claimed violations of federal regulatory statutes." Hackett, 455 F.2d at 623. The instant case is in such a field, alleged violations of the federal antitrust laws which allow recovery of attorneys' fees and costs. 15 U.S.C. § 15. In antitrust cases the attorney's fee is not limited to a portion of the recovery but is computed on the basis of the worth of the services. See Courtesy Chevrolet, Inc. v. Tennessee Walking Horse B. & E.A., 9 Cir., 393 F.2d 75, 77, cert. denied 393 U.S. 938, 89 S.Ct. 301, 21 L.Ed.2d 274.
 
 
 17
 In Hellerstein v. Mr. Steak, Inc., 10 Cir., 531 F.2d 470, 471, cert. denied 429 U.S. 823, 97 S.Ct. 75, 50 L.Ed.2d 85, we held that an order granting class action status is not appealable under § 1291. The difference between that case and the one now under consideration is that here we have a denial of class certification. The rule should apply both ways. Although the individual amounts here involved are small, the plaintiffs may recover their costs and the attorneys are entitled to a fee based on the legal work, not the amount of recovery. See Judicial Conference-Eighth Circuit, Class Action Litigation, 70 F.R.D. 251, and particularly decisions noted at 310.
 
 
 18
 The plaintiffs have made no showing, either in the trial court or here, that the case will not proceed in the absence of class certification. We are aware of no reason why it may not. Appealability does not depend on the possible amount of an attorney's fee. On the record before us we decline to use the death knell doctrine to establish appealability under § 1291. This holding precludes the use by plaintiffs of Rule 54(b) because there is no final judgment against the named plaintiffs.
 
 
 19
 In Horn v. Associated Wholesale Grocers, Inc., 555 F.2d 270, we noted the Rule 23(c)(1) provision that class determination should be made "as soon as practicable" after the commencement of a class action, and disapproved a class determination made after trial on the merits. Class determination is a preliminary, interlocutory action subject to change before final disposition of the case. Compare Seiffer v. Topsy's International, Inc., 10 Cir., 520 F.2d 795, with Horn v. Associated Wholesale Grocers, Inc., supra. A troublesome problem is how the class determination may be reviewed at the appellate level before trial on the merits.
 
 
 20
 If the dismissal of a putative class is wrong because the members of the class are not parties to the suit until made so by a Rule 23(c) determination and notification, the right to appeal lies in the named plaintiffs and defendants. If § 1291 does not apply because of the lack of finality, recourse may not be had to Rule 54(b) because it applies only to a " final judgment." The remaining avenues for appellate review are an interlocutory appeal as permitted by § 1292(b) and an application for mandamus. See Hackett v. General Host Corporation, 3 Cir., 455 F.2d 618, 622-624, and concurring opinion of Judge Friendly in Parkinson v. April Industries, Inc., 2 Cir., 520 F.2d 650, 658-660. The need for review of class action orders depends on the facts of each particular case. We agree with Judge Friendly, Ibid. at 660, that the § 1292(b) procedure is preferable to the judicial formulation of vague standards which will probably result in undesirable jurisdictional litigation. Protection against excessive zeal in the grant or denial of class certification may be secured by an application to the court of appeals for an extraordinary writ such as mandamus.
 
 
 21
 The judgment dismissing the claims of those other than the named plaintiffs is vacated. The order denying class certification is interlocutory and not reviewable under either Rule 54(b) or § 1291. The case is remanded for further proceedings in the light of this opinion. Each party shall bear his own costs.