Kathryn P. BOWE, on behalf of herself and all others similarly situated, Plaintiff-Appellant,

v.

FIRST OF DENVER MORTGAGE INVESTORS et al., Defendants-Appellees.

No. 76–1431.

United States Court of Appeals, Tenth Circuit.

Submitted Aug. 3, 1977.

Decided Sept. 23, 1977.

Aram A. Hartunian, Chicago, Ill. (Robert Plotkin, Chicago, Ill., Charles Barnhill, Jr., of Davis, Miner & Barnhill, Chicago, Ill., and Elliott & Greengard, Denver, Colo., on the brief), for plaintiff-appellant.

Raymond B. Danks of Hughes & Dorsey, Denver, Colo., and Peter F. Breitenstein of Fairfield & Woods, Denver, Colo. (Marshall Simonds and Kenneth A. Cohen of Good-

win, Procter & Hoar, Boston, Mass., on the brief), for defendants-appellants.

Before SETH, HOLLOWAY and BARRETT, Circuit Judges.

BARRETT, Circuit Judge.

Katherine P. Bowe (Bowe) appeals from the order of the district court denying her motion to permit her suit to proceed as a class action. Bowe's amended complaint alleges that securities frauds violative of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78j(b), and Rule 10b–5 promulgated thereunder were practiced upon her and members of her class by defendants-appellees, including First of Denver Mortgage Investors. For convenience the appellees shall be referred to as Mortgage Investors.

We are called upon to decide whether the district court erred in ruling that a class action under Fed.R.Civ.Proc., rule 23, 28 U.S.C.A., is not superior to other means of resolving the subject litigation on the basis of the court's findings that Bowe failed to show that (a) there are questions of law and fact common to the class, (b) her claims are typical of the claims of the purported class, (c) she can fairly and adequately protect the interests of the purported class, and (d) there is a desirability of concentrating litigation of claims in "this forum" and that the advantages of class litigation would outweigh the obvious difficulties to be encountered in the management of a class action of the magnitude suggested.

Bowe relies upon § 1291, 28 U.S.C.A., as her jurisdictional basis on appeal. That section, of course, vests jurisdiction in the courts of appeal from all "final decisions" of the district courts. At the threshold we are confronted with the issue as to whether the order denying Bowe's right to proceed on behalf of approximately 6,000 members of the class and the denial of class certification is interlocutory and not reviewable under § 1291, *supra.*

The district court relied upon Bowe's first amended complaint, the pleadings and extensive memoranda submitted by the parties in support of and/or in opposition to the certification of a class. In October, 1973, Bowe purchased 100 shares of beneficial interests in Mortgage Investors for $2,333.41 or the "inflated" market price of $22.875 per share. Bowe alleges that at the time she filed this action the "inflated" market had collapsed and that each of her shares had decreased in value to $4.00. Represented in this suit by three law firms, she requested that the district court declare her the representative of approximately 6,000 persons who acquired Mortgage Investors shares of beneficial interests from its inception in 1970 to January 1, 1975. The general thread of her complaint is that Mortgage Investors engaged in a continuing and common course of conduct and conspiracy to manipulate and inflate the price of its securities *by failing to disclose material facts,* constituting fraud under § 10(b) of the Securities Exchange Act and Rule 10b–5 thereunder, common law fraud, and violation of the Colorado Securities Act. Bowe seeks compensatory damages for herself and all other members of the class, injunctive relief and declaratory judgment.

The district court did not find any basis for a class action. The court stated that it could not perceive how the Bowe interests could be aligned with all of those who had purchased and sold shares of beneficial interests over the aforesaid period, observing that the economic changes which had occurred had such varied impact on the business of Mortgage Investors that the duty of disclosure would necessarily vary significantly and "[t]hat, in itself, is a sufficient factual variation to prevent the kind of class relief sought here." [R., Vol. IV, p. 227.] The court further stated that "[a] single unhappy investor should not be empowered to call upon a court to undertake the difficulties likely to be encountered in the management of a class action of the magnitude sought in this case without more than what has been presented here" which the court characterized as "pretextural efforts" to obtain class certification on more convenient grounds than the showings necessary under Rule 23(b)(1) and (3). [R., Vol. IV, p. 227.] The court specially found that:

". . . the plaintiff has failed to show that there are questions of law or fact common to the class; that her claims are typical of the claims of that purported class; that she can fairly and adequately protect the interests of the purported class; that there is a desirability of concentrating litigation of claims in this forum and that the advantages of class litigation would outweigh the obvious difficulties to be encountered in the management of a class action of the magnitude suggested in this case." [R., Vol. IV, p. 227.] The court concluded that if there be merit in Bowe's claims, it can best be determined by proceeding expeditiously with her individual complaint. The order denied the motion for class action certification and directed that the case proceed upon the amended complaint as an individual claim.

Fed.R.Civ.Proc. rule 23(a) and (b), 28 U.S.C.A. provides:

Rule 23. Class Actions

(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not par-

ties to the adjudications or substantially impair or impede their ability to protect their interests; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

### I.

It is significant to note that after this case was decided by the district court and completely briefed on appeal, the opinion of this court in the case of *Ralph E. West et al., Plaintiffs-Appellants v. Capitol Federal Savings and Loan Association et al., Defendants-Appellees,* No. 77–1058, 558 F.2d 977 (1977) came down. That opinion conclusively holds that an order denying class certification is interlocutory and not reviewable under § 1291, *supra,* under circumstances in which the plaintiff has made no showing that the case will not proceed in the absence of class certification. A portion of that opinion reads:

. . . In *Monarch v. Wilshire* we said, 511 F.2d [1073] at 1076–1077, that "[b]arring the death knell exception . . . an order denying class status is interlocutory and not appealable." See also *Seiffer v. Topsy's International, Inc.,* 10 Cir.,

520 F.2d 795, cert. denied 423 U.S. 1051, 96 S.Ct. 779, 46 L.Ed.2d 640.

\* \* \* \* \* \*

In *Hellerstein v. Mr. Steak, Inc.*, 10 Cir., 531 F.2d 470, 471, cert. denied 429 U.S. 823, 50 L.Ed.2d 85, we held that an order granting class action status is not appealable under § 1291. The difference between that case and the one now under consideration is that here we have a denial of class certification. The rule should apply both ways. . . .

\* \* \* \* \* \*

The plaintiffs have made no showing, either in the trial court or here, that the case will not proceed in the absence of class certification. We are aware of no reason why it may not. . . .

\* \* \* \* \* \*

. . . The order denying class certification is interlocutory and not reviewable under either Rule 54(b) or § 1291. . . [Underlining supplied.] *West v. Capitol Federal Savings and Loan Association*, No. 77–1058, pp. 981–982.

Since Rule 23, *supra*, was amended in 1966, the courts have been confronted with the difficult question of determining when a class action order entered under Rule 23(c)(1) is appealable. The Supreme Court recognized the difficulty in *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974):

. . . While the application of § 1291 in most cases is plain enough, determining the finality of a particular judicial order may pose a close question. No verbal formula yet devised can explain prior finality decisions with unerring accuracy or provide an utterly reliable guide for the future. . . .
417 U.S., at p. 170, 94 S.Ct., at p. 2149.

In the case at bar, there is an affirmative showing in the trial court record (even though at oral argument counsel for Bowe represented otherwise) that Bowe would proceed with her suit without a class certification:

THE COURT: Without a Class action certification, and I'm not prejudging the Class action certification, is your client prepared to go ahead with this litigation?
MR. PLOTKIN: Yes, Your Honor.
THE COURT: Without a Class action certification?
MR. PLOTKIN: Yes, she is prepared.

. . .

THE COURT: . . . I do not want to lose stride in regard to discovery on other aspects of the case, because this case is going to go forward with or without the Class action certification. . .

[R., Vol. I, pp. 16, 19, hearing of July 21, 1975.]

■ There are limited "exceptional circumstances," the existence of which would confer jurisdiction on appeal under § 1291 from an interlocutory order granting or denying a suit to proceed as a class action. For example, the courts have generally held that when the individual damage claim of the class representative is relatively insubstantial, so that the suit probably and likely would not be continued as a private action, then the class action determination is fundamental to the further conduct of the case, rendering the interlocutory order appealable under § 1291, *supra*. *West v. Capitol Federal Savings and Loan Association, supra; In Re Master Key Antitrust Litigation*, 528 F.2d 5 (2nd Cir. 1975); *Jenkins v. Blue Cross Mutual Hospital Ins., Inc.*, 522 F.2d 1235 (7th Cir. 1975), cert. denied, 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 598; *Knox v. Amalgamated Meat Cutters and Butchers Workmen of North America, AFL–CIO*, 520 F.2d 1205 (5th Cir. 1975); *Handwerger v. Ginsberg*, 519 F.2d 1339 (2nd Cir. 1975); 3B, Moore's Federal Practice, 2nd Ed., § 23.97.

We need not consider whether the explicit grounds relied upon by the district court in its order denying class certification are erroneous inasmuch as the court implicitly found that Bowe was individually prepared to proceed with the action regardless of class certification. The court directed that the action proceed "expeditiously" on her amended complaint.

## II.

In *West v. Capitol Federal Savings and Loan Association, supra,* while recognizing the vitality of the "death knell" exception to § 1291 finality, we indicated a distinct preference for review of class action orders under § 1292(b), 28 U.S.C.A.[1] or by application to the court of appeals for an extraordinary writ such as mandamus. Several circuits have held that class action certification orders can never be appealable as "final orders" or "final decisions" under § 1291, and each has been grounded on the preferability of certified appeals under § 1292(b), *supra,* or the use of mandamus jurisdiction. *Blackie v. Barrack,* 524 F.2d 891 (9th Cir. 1975), *cert. denied,* 429 U.S. 816, 97 S.Ct. 57, 50 L.Ed.2d 75; *King v. Kansas City Southern Industries, Inc.,* 479 F.2d 1259 (7th Cir. 1973); *Hackett v. General Host Corp.,* 455 F.2d 618 (3rd Cir. 1972), *cert. denied,* 407 U.S. 925, 92 S.Ct. 2460, 32 L.Ed.2d 812 (1972). In light of the fact that we have given the "death knell" exception to § 1291, *supra,* a less preferable status than the procedure provided under § 1292(b), *supra,* or appellate review on an extraordinary writ such as mandamus [*see* our *West v. Capitol Federal Savings and Loan Association, supra,* opinion], we shall briefly discuss the origin and parameters of the "death knell" and "collateral order" doctrines.

The "death knell" exceptions to § 1291, *supra,* were first announced in *Eisen v. Carlisle & Jacquelin,* 370 F.2d 119 (2nd Cir. 1966), *cert. denied,* 386 U.S. 1035, 87 S.Ct. 1487, 18 L.Ed.2d 598 (1967). That doctrine, in a nutshell, permits appeal under § 1291, *supra,* from an order permitting a suit to proceed as a class action if there are *exceptional circumstances* existing which satisfy the following three-pronged test:

(1) the class action designation is "fundamental to the further conduct of the case;" (2) review of the order is "separable from the merits;" and (3) the order will likely cause irreparable harm to the defendant in terms of additional time and money spent in defending the suit as a class action rather than as a private action. Concisely, this test can be equated with this query: Will an order denying the class certification sound a death knell to the continuance of the action and, thus, in effect, sound in finality?

The "collateral order" doctrine exception to the final judgment rule originated in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The effect of this rule, otherwise referred to as the "offshoot rule," is to make final, and thus appealable under § 1291, *supra,* certain orders which do not fully and finally determine the controversy posed by the action but which raise issues of federalism too important to be denied review because of their serious and unsettled nature. The order must be a final determination of a claim of right "separable from, and collateral to" rights asserted in the action, the review of which cannot await final judgment without creating irreparable harm. The courts have struggled with the *Cohen* doctrine. This Court has applied it in the nature of an order directing a plaintiff to redeposit with the clerk of the federal district court certain funds deposited by the defendant which he had withdrawn. *Lee v. Western Wool Processors, Inc.,* 313 F.2d 13 (10th Cir. 1962). The Supreme Court has applied it, for example, to an order denying the reduction of federal bail, *Stack v. Boyle,* 342 U.S. 1, 72 S.Ct. 1, 96 L.Ed. 3 (1951), and to an order of

1. § 1292(b), 28 U.S.C.A. provides:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such

order. The Court of Appeals may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order. . . .

a federal district court denying a petitioner the right to proceed in forma pauperis. *Roberts v. United States District Court*, 339 U.S. 844, 70 S.Ct. 954, 94 L.Ed. 1326 (1950).

 Bowe has declared that she intends to proceed with her action absent the class certification. The record so speaks. She nevertheless preserves her class action claim and, following final judgment, she may appeal from that judgment and obtain review of the district court's order denying her right to maintain the class action. *Esplin v. Hirschi*, 402 F.2d 94 (10th Cir. 1967).

THE APPEAL IS DISMISSED.