T.J. RANEY & SONS, INC., individually and as representative party on behalf of all other persons similarly situated, Plaintiff-Appellee,

v.

FORT COBB, OKLAHOMA IRRIGATION FUEL AUTHORITY, a trust created under the laws of the State of Oklahoma, Eufaula Enterprises, Inc., an Oklahoma corporation, Glenn C. Hatfield, Sr., Glenn C. Hatfield, Jr., John I. Willhauck, Jr., K.R. Adams, Norman E. Lewis, Jack L. Perry, Perry, Adams & Lewis, Inc., a Missouri corporation, and Rimrock Gas Company, a Texas corporation, Defendants,

Linde, Thomson, Van Dyke, Fairchild & Langworthy and Southgate Bank & Trust Co., Defendants-Appellants.

No. 81–2270.

United States Court of Appeals, Tenth Circuit.

Sept. 26, 1983.

Certiorari Denied Feb. 21, 1984. See 104 S.Ct. 1285.

Harry A. Woods, Jr., Oklahoma City, Okl. (Judy Hamilton Morse, Oklahoma City, Okl., with him on the brief), of Crowe & Dunlevy, P.C., Oklahoma City, Okl., for defendant-appellant Southgate Bank & Trust Co.

Roy J. Davis, Don G. Holladay and L. Gene Gist of Andrews, Davis, Legg, Bixler, Milsten & Murrah, Oklahoma City, Okl., on the brief for defendant-appellant Linde, Thomson, Van Dyke, Fairchild & Langworthy.

Larry W. Burks of Friday, Eldredge & Clark, Robert S. Shafer, Little Rock, Ark. (James D. Fellers of Fellers, Snider, Blankenship & Bailey, Oklahoma City, Okl., with him on the brief), for plaintiff-appellee.

Before SETH, Chief Judge, McWILLIAMS, Circuit Judge, and BROWN, District Judge [*].

SETH, Chief Judge.

This is an interlocutory appeal from the trial court's denial of the defendants' motion to decertify the underlying action as a class action. This question necessarily requires an answer as to whether this circuit should adopt some form of the fraud on the market theory in securities litigation arising under Rule 10b–5. *See Bowe v. First of Denver Mortgage Investors,* 562 F.2d 640 (10th Cir.1977), and *West v. Capitol Federal Sav. and Loan Association,* 558 F.2d 977 (10th Cir.1977).

The plaintiff, T.J. Raney & Sons, Inc., is a broker-dealer of securities. Raney was involved in the distribution of Series C bonds of the Fort Cobb, Oklahoma Irrigation Fuel Authority. The proceeds of the bonds were to be used for the construction or acquisition of a gas distribution facility.

Raney alleges that the bond proceeds were commingled with other funds of the project's sponsors and were in fact never used for their intended purpose. Raney also claims that the bonds were not lawfully issued according to Oklahoma law. One of the defendants served as the Authority's bond counsel and issued a bond opinion on the Series C bonds. Raney claims that the bond counsel recklessly passed on the validity of the bonds and thereafter concealed

---

[*] Honorable Wesley E. Brown, United States Senior District Judge for the District of Kansas, sitting by designation.

the wrongful divergence of the bond proceeds. The Series C bonds went into default.

Raney seeks to represent all Series C bond purchasers in their claims against the Authority. Apparently there are approximately 60 Series C bondholders and the smallest claim is $5,000. The record discloses that the bondholders have varying degrees of investment experience and that the purchasers did not all receive the same information. Some received an allegedly misrepresentational offering circular and the bond counsel's opinion before purchasing. Others did not.

The defendants claim in this appeal that it was inappropriate for the trial court to certify the case as a class action because not all of the class members had relied on the circular and the bond opinion. The defendants further claim that Raney is not a suitable representative if the class was properly certified.

▆ Traditionally a private action brought under SEC Rule 10b–5 is predicated on the plaintiff's actual reliance on the defendant's deception. Reliance is thus the causal nexus between the defendant's conduct and the plaintiff's injury. Actionable conduct under Rule 10b–5 can be accomplished either by misrepresentation or nondisclosure. In traditional cases of misrepresentation the reliance requirement is met upon proof that " 'the misrepresentation is a substantial factor in determining the course of conduct which results in ... loss.' " *Mitchell v. Texas Gulf Sulphur Co.,* 446 F.2d 90, 102 (10th Cir.1971), *quoting List v. Fashion Park, Inc.,* 340 F.2d 457, 462 (2d Cir.1965).

▆ Recently, several courts have adopted a theory which allows a plaintiff to rely on the integrity of the market rather than requiring direct reliance on the defendant's conduct. *See, e.g., Panzirer v. Wolf,* 663 F.2d 365 (2d Cir.1981); *Shores v. Sklar,* 647 F.2d 462 (5th Cir.1981) (*en banc*); *Blackie v. Barrack,* 524 F.2d 891 (9th Cir.1975). Subjective reliance on particular misrepresentations is thus not a distinct element of

proof of 10b–5 claims. *Blackie, supra,* at 905, 906.

▆ The theory is grounded on the assumption that the market price reflects all known material information. Material misinformation will theoretically cause the artificial inflation or deflation of the stock price. At its simplest the theory requires only that a plaintiff prove purchase of a security and that a material misrepresentation was made concerning the security by the defendant which resulted in an artificial change in price.

The majority of cases which accept some form of fraud on the market theory have concerned securities traded on impersonal, actively traded markets. *See, e.g., Panzirer v. Wolf,* 663 F.2d 365 (2d Cir.1981); *Zweig v. Hearst Corp.,* 594 F.2d 1261 (9th Cir. 1979); *Blackie v. Barrack,* 524 F.2d 891 (9th Cir.1975); *In re LTV Securities Litigation,* 88 F.R.D. 134 (N.D.Tex.1980). Those cases thus argue for adoption of the fraud on the market theory in those situations in which developed securities are actively traded. A leading case to examine the fraud arising from bonds which were not lawfully issued is *Shores v. Sklar,* 647 F.2d 462 (5th Cir. 1981). The *en banc* court was almost equally divided. In *Shores,* the plaintiff purchased industrial revenue bonds. The Fifth Circuit held that although the plaintiff could not rely on the offering circular as he had not read it, he nevertheless under his allegations of fraud was entitled to 10b–5 relief if he could prove "that (1) the defendants knowingly conspired to bring securities onto the market which were not entitled to be marketed, intending to defraud purchasers, (2) [the plaintiff] reasonably relied on the Bonds' availability on the market as an indication of their apparent genuineness, and (3) as a result of the scheme to defraud [the plaintiff] suffered a loss." 647 F.2d, at 469–70.

In *Arthur Young & Co. v. United States District Court,* 549 F.2d 686 (9th Cir.1977), the court allowed the petitioners to proceed under the theory that "but for" causation was satisfied by the petitioners' reliance on the integrity of the regulatory process.

The court allowed submission of SEC disclosure filings connected with the offering of the limited partnership interests for reliance on market integrity. It there said, 549 F.2d at 695: "[T]he purchaser of an original issue security relies, at least indirectly, on the integrity of the regulatory process and the truth of any representations made to the appropriate agencies and the investors at the time of the original issue."

The courts have not been unanimous in extending a fraud on the market theory to newly issued securities. In *Vervaecke v. Chiles, Heider & Co.,* 578 F.2d 713 (8th Cir.1978), the court held that the plaintiff had to prove reliance on misrepresentations allegedly occurring in the offering circular of certain unregistered municipal bonds in order to be entitled to 10b–5 relief.

This circuit has not yet addressed the fraud on the market theory. Our case of *Zobrist v. Coal-X, Inc.,* 708 F.2d 1511 (10th Cir.1983), imputes knowledge of risk disclaimers contained in a new issue's offering circular to a purchaser who did not read the circular prior to buying the securities. *Zobrist,* however, does not consider the issues in the case before us. Neither does the Supreme Court's holding in *Santa Fe Industries, Inc. v. Green,* 430 U.S. 462, 97 S.Ct. 1292, 51 L.Ed.2d 480 (1977), dictate the outcome of this appeal.

■ We find the Fifth Circuit's reasoning in *Shores v. Sklar* to be persuasive. Federal and state regulation of new securities at a minimum should permit a purchaser to assume that the securities were lawfully issued. This holding does not imply in any way that the regulatory body considers the worth of the security or the veracity of the representations made in the offering circular nor does it "establish a scheme of investors' insurance." *List v. Fashion Park, Inc.,* 340 F.2d 457, 463 (2d Cir.1965). It merely extends the protection of Rule 10b–5 to those cases in which the securities were not qualified legally to be issued, and as the act states there was a scheme to defraud or act to defraud.

■ In this case the trial court in the Fort Cobb Authority Chapter IX proceedings specifically found that "[t]he Fort Cobb, Oklahoma, Irrigation Fuel Authority is thus not a valid public trust . . . ." *In re Fort Cobb, Okla., Irr. Fuel Authority,* 468 F.Supp. 338, 343 (W.D.Okla.1979), *appeal dismissed,* June 24, 1980 (10th Cir.). The Authority was thus prohibited from issuing any bonds by Oklahoma law. 60 Okla.Stat. Ann. § 176(d). We therefore hold that the plaintiff has stated grounds for relief by alleging that the defendants knowingly conspired to bring unlawfully issued Series C bonds to market with the intent to defraud, that it reasonably relied on the availability of the bonds as indicating their lawful issuance, and that it suffered injury resulting from the purchase of the bonds.

■ In *Affiliated Ute Citizens v. United States,* 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972), the Court held that proof of reliance is not necessary in failure to disclose cases. In the case before us the materiality element has been satisfied here by the claim of conspiracy to bring unlawful issuances to market. Here the causation element was fulfilled by proof that but for the conspiracy and the acts committed pursuant to it, the securities could not have been issued. *See Shores v. Sklar,* 647 F.2d at 469. Securities laws "must be interpreted flexibly and progressively, not technically nor grudgingly, to fairly effectuate their remedial purpose." *Clegg v. Conk,* 507 F.2d 1351, 1361 (10th Cir.1974).

■ The defendants also argue that the plaintiff is not a suitable class representative in the underlying action. The trial court has considerable discretion in the certification of the plaintiff class representative. *Rex v. Owens ex rel. State of Oklahoma,* 585 F.2d 432 (10th Cir.1978). The trial court adequately provided for members of the plaintiff class to assert claims against Raney and for the defendants to assert their counterclaims by bifurcating the trial. The trial court did not abuse its discretion in certifying the class and by naming Raney the class representative. We find also that the trial court was well within its discretion

in deciding the typicality, manageability, and numerosity issues.

It is the judgment of this court that the judgment of the trial court should be and is hereby AFFIRMED.