BOLIN, Judge.
Plaintiff instituted this action against defendant for the sum of $1,175.40, together with interest and attorney’s fees, allegedly due by defendant to plaintiff on a promissory note, secured by a chattel mortgage on one 1955 Ford pickup truck and one 1955 Chevrolet sedan automobile. Ancillary to the principal demand, plaintiff caused both vehicles to be seized under a writ of sequestration. The defendant resisted the principal demand on a number of grounds, contending, among other things, the plaintiff practiced fraud upon him by inducing him to sign the promissory note in blank and subsequently completing same in a much larger amount than originally agreed upon. In the alternative, the defendant claimed the entire debt sued upon resulted from the sale of the Chevrolet sedan from the plaintiff to him; that the chattel mortgage included the pickup truck only as ad *102 ditional security; and that such sale should be rescinded because of the redhibitory vices in the automobile. After a trial on the merits, but before a decision was rendered, the defendant filed a motion to dissolve the writ of sequestration on the pickup truck, together with a prayer for damages, alleging said truck was exempt from seizure under the homestead provisions of the constitution and also under the statutory exemption as a tool or instrument of his trade. The motion to dissolve was disposed of separately, resulting in a judgment dissolving the said writ and granting the defendant the sum of $250 as attorney’s fees for its dissolution. The judgment on the merits was rendered in favor of plaintiff and against defendant for the amount prayed for and thereby rejecting all of the special defenses tendered.
From that portion of the judgment dissolving the writ of sequestration, declaring the pickup truck exempt, releasing it from seizure, and awarding the defendant attorney’s fees, the plaintiff prosecutes a suspensive appeal to this court. The defendant has answered the appeal and prayed that the sale of the Chevrolet automobile be rescinded on the grounds of redhibitory vices; that the note and mortgage executed in connection therewith be cancelled; and that he be awarded additional damages for the dissolution of the illegal seizure of his truck in the sum of $252.40; and that otherwise the judgment be affirmed.
We will first direct our attention to the correctness of the judgment of the lower court which dissolved the writ of sequestration on the pickup truck. Article 11, Section 1, of the Louisiana Constitution of 1921, LSA provides, in part, as follows:
“There shall be exempt from seizure and sale by any process whatever, except as hereinafter provided, the homestead, bona fide, owned by the debtor and occupied by him, consisting of lands, not exceeding one hundred and sixty (160) acres, buildings and appurtenances, whether rural or urban, of every head of a family, or person having a mother or father or a person or persons dependent on him or her for support; also * * * one automobile truck, * * * whether these exempted objects be attached to a homestead or not, * * * to the total value of not more than Four Thousand Dollars ($4,000.00).”
Article 11, Section 2, sets up certain exceptions to the above exemptions and provides, in part, as follows:
“This exemption shall not apply to the following debts, to wit:
* * * * *
“7. For the amount which may be due for money advanced on the security of a mortgage on said property; provided, that if at the time of granting such mortgage the mortgagor be married, and not sepai'ated from bed and board from the other spouse, the latter shall have consented thereto. * * *
The method of waiving the homestead is set forth in the following quoted portions of Article 11, Section 3:
“ * * * Any person entitled to a homestead may waive same, in whole or in part, by signing a written waiver thereof; provided, that if such person be married, and not separated from bed and board from the other spouse, then the waiver shall not be effective unless signed by the latter; and all such waivers shall be recorded in the mortgage records of the parish where the homestead is situated. * * * ”
In Anderson v. Finley, La.App. 2 Cir., 1956, 84 So.2d 845, 847, this Court, quoting from Brantley v. Pruitt, 1932, 175 La. 879, 144 So. 604, set forth the four conditions for a debtor to claim exemption of land as a homestead, to-wit:
“ ‘(a) He must be the bona fide owner of the land.
*103 “ ‘(b) He must occupy the premises as a residence.
“ ‘(c) He must have a family or person or persons dependent on him for support.
“ ‘(d) And the property must not exceed in value $2000.’ ”
Since the Pruitt decision, supra, the exemption has been raised to $4,000 and “one automobile truck” has been included in the constitutional provision. The above four conditions remain applicable under the present law and are applicable with respect to the truck involved herein. The defendant herein meets all of these conditions.
The evidence adduced on the trial shows that:
(a) Defendant, Lloyd Surry, is the bona fide owner of the-1955 Ford Pickup truck. He owned same prior to the mortgage and there is no question of vendor’s lien involved on the truck.
(b) Defendant was “occupying”, or using the said pickup truck in the course of his occupation and work at the time of its seizure.
(c) Defendant is “the head of a family”, in that he is the sole support of a wife and three children.
(d) The truck is worth much less than $4,000.
There is no provision in the chattel mortgage in question waiving the exemption for seizure, and it is conceded that defendant’s wife did not execute any such waiver. We, therefore, have no hesitancy in affirming that portion of the judgment declaring the pickup truck exempt from seizure under the cited homestead provisions of the Louisiana Constitution. We, therefore, pretermit any discussion as to whether the truck was also exempt under LSA-R.S. 13:3881 (formerly C.P. art. 644) as a tool or instrument of his trade.
As the motion to dissolve was separately tried, an award of damages for the dissolution of such illegal seizure was proper. The attorneys who represented the defendant in dissolving the seizure testified as to the nature and value of their services, and we see no error in the trial court’s award of $250 for such services. The defendant contends the judgment should also have included an additional award for loss of wages, profits, etc., which the defendant suffered while he was deprived of the use of his truck by the illegal seizure. If such items are sufficiently established, a judgment may be rendered for such damages. Mills v. Knox, La.App. 2 Cir., 1950, 49 So.2d 462. However, as appropriately pointed out in the cited case, the proof to substantiate such claims must be clear and definite and not subject to conjecture. Even though no written reasons were assigned by the trial judge, we note from his comments in the transcript of testimony that he was not satisfied with the proof offered by the defendant on these items of special damages for loss of wages, profits, etc. In our review of the record, we find no error in this portion of the judgment.
In the alternative, the defendant alleged that, at the time of the sale of the Chevrolet sedan, it contained vices and defects which rendered it unfit for the purposes for which it was acquired. The pertinent provisions of our law as it relates to this question is found in LSA-C.C. art. 2520, as follows:
“Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.”
The evidence shows the defendant had previously owed the plaintiff company a small debt. While discussing his financial problems with the finance company, the sub *104 ject of the purchase of the 1955 Chevrolet sedan came up. The plaintiff company had the vehicle on its lot for sale, and they agreed to sell it to Surry entirely on credit. While there is some dispute as to the agreed purchase price, it is clear the sale was made, and because there was no cash down payment, defendant granted a chattel mortgage on the Chevrolet as well as on the 1955 Ford pickup truck, which he already owned. This Chevrolet was represented by the plaintiff to be in good repair and ready for use. However, a review of the record shows that within a short time serious defects began to manifest themselves in the newly purchased automobile, which defects we will briefly outline. On the same day the defendant acquired the car, he and his family were -taking a trip to Belcher when he discovered that the frame was bent at the front to such a degree that he was unable to jack it up and fix a flat tire. Approximately four days thereafter, the defendant was unable to change the gears. Because of this latter difficulty, he returned the car to the plaintiff and it in turn sent same to a mechanic who found the transmission was faulty and needed a complete overhaul. The garageman kept the car about eight days and returned it to the defendant with the assurance that all of the difficulties had been eliminated, and it was in good working order. The defendant, therefore, took the car and again attempted to use it, but found that it was using an excessive amount of oil. He again returned it to the plaintiff who agreed to remedy all of the difficulties by having the motor completely overhauled. Within a few days after the purported overhaul job was done, the car went bad on the defendant again. He left it at a nearby grocery store and informed the plaintiff finance corporation that it would not run. Whereupon, the automobile was taken by the plaintiff to a mechanic for the third time. The vehicle remained in the garage this last time about a week, and the defendant was told it was ready for him. However, he refused to accept it, complaining he was convinced it was unfit for the purpose for which he purchased it. As Surry had owned the automobile for only a short time, he had not paid anything on the original purchase price, and he merely informed the finance company that he was not going through with the transaction and desired to be relieved of the note and chattel mortgage in connection therewith.
It is our opinion that the testimony in the instant case conclusively shows that the automobile was so defective as to render it practically useless to the purchaser. The record also shows that every time a vice or defect became apparent, the defendant would return the automobile immediately to the plaintiff; and it was only after he had become so completely disgusted with its operation that he notified the plaintiff he would not take it and desired the entire transaction cancelled.
In the recent case of Falk v. Luke Motor Company, Inc., 1959, 237 La. 982, 112 So.2d 683, 685, the Louisiana Supreme Court rescinded the sale of an automobile on the ground of redhibitory vices and defects. There, as here, many repairs were made, such as replacement of the engine, generator, voltage regulator, starter, etc. There also, the seller partly remedied the defects, but the defendant maintained that the automobile was below standard and not repaired to his satisfaction. The court stated the issue as follows:
“Hence, the sole issue posed for our determination is whether the automobile exhibited such imperfections which rendered its use so inconvenient that, had the plaintiff known of them, he would not have bought it.”
and held:
“We are fully convinced that the use of this car was so inconvenient and imperfect as to justify a recission of the sale.”
In Combs v. International Harvester Co., La.App., 2 Cir., 1959, 115 So.2d 641, 643, this court cancelled the sale of a second *105 hand truck on the grounds that the vices and defects (dead battery, bad brakes, defective starter, worn valves) rendered the vehicle “so imperfect and useless plaintiff would not have purchased it at any price had he known of its condition.” In making this holding the court cited the following basic test in an action of redhibition as set forth in Roby Motors Co., Inc., v. Harrison, 1932, 19 La.App. 659, 139 So. 686, 688:
“ 'It goes without saying that when a person purchases an automobile he primarily wants a vehicle that will meet his needs for it. A car that will not run, or one which runs intermittently, requiring the attention of a mechanic frequently to keep it going, is an abomination to the owner.’ ”
The present case certainly meets this test, and we, therefore, conclude that the sale of the Chevrolet sedan should be rescinded and the note and mortgage executed in connection therewith should be cancelled.
In many of the cases which we have examined relating to the rescission of sales because of redhibitory vices, the courts have stated the parties should, as near as possible, be returned to the status quo. This will not be difficult in the instant case because the only money owed by the defendant to the plaintiff, in addition to that for the purchase of the Chevrolet automobile, was the sum of $36. It is conceded by all parties that this amount has been paid. Therefore, a rescission of the sale and the cancellation of the note and chattel mortgage will restore the parties to their exact status before the sale took place, i. e., Surry will have his pickup truck free of any mortgage; Tri-State Finance Corporation will have the Chevrolet; and plaintiff will have been repaid the $36 indebtedness, which was the only amount owed to it prior to the transaction in question.
Having decided the sale should be rescinded because of redhibitory vices, it is not necessary for us to pass on the special defense of fraud.
For the reasons stated, the judgment of the lower court, insofar as same dissolved1 the writ of sequestration on the 1955 Ford pickup truck and awarded the defendant judgment against plaintiff in the sum of $250 for the illegal issuance thereof, is affirmed; otherwise, said judgment is reversed and set aside and the plaintiff’s demands are rejected. The plaintiff-appellee to pay all costs of the lower court and this appeal.
Partially affirmed and partially reversed.
GLADNEY, J., dissents and assigns written reasons therefor.