LANDRY, Judge.
This matter and the companion case entitled The Lawyers Co-operative Publishing Company v. Van Buskirk, 180 So.2d 421, on the docket of this Court, involve identical motions to dismiss the devolutive appeals taken in each instance by defendant Van Buskirk. Plaintiff’s motions to dismiss suggest that defendant secured an order for devolutive appeal in both actions, returnable to this Court on March IS, 1965, but that appellant has failed to file the prescribed appeal bond in either case.
In pursuance of plaintiff’s motions, we issued an order herein directing the respective parties in each matter to show cause, by briefs, on or before September 15, 1965, why the appeals should or should not be dismissed. Responding to the aforementioned order, counsel for plaintiffs represent in briefs that judgment in each cause was obtained by confirmation of default rendered December 15, 1964, and the ensuing orders of Devolutive Appeal were conditioned upon defendant furnishing bond in the sum of $100.00 in each cause. Defendant-appellant has filed no brief in either action.
*420 Assuming, as we must under the circumstances shown, the suggestions, averments and representations of mover are correct, we nevertheless are without power or authority to resolve the motion inasmuch as it is clearly premature.
As matters now stand, the appeals ordered by the trial court present nothing to this tribunal for adjudication. No record has been lodged in this court; no filing fees have been paid or tendered either the clerk of the trial court or of this court, and the bonds ordered by the lower court have not been posted. We can only surmise defendant has abandoned his appeals but in this assumption we cannot, of course, be certain. It is not for us to conj ecture what defendant’s intention may be with respect to the appeals taken. Should appellant hereafter attempt to perfect the appeals by posting the bonds prescribed by the trial court, there would then be a matter presented for our consideration.
In view of the circumstances shown, the district court has not been divested of jurisdiction in these causes. In this regard LSA-C.C.P. Article 2088 provides as follows :
“Art. 2088. Divesting of jurisdiction of trial court
The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the timely filing of the appeal bond, or if no bond is required, on the granting of the order of appeal. Thereafter, the trial court has no jurisdiction over these matters except to:
(1) Allow the taking of a deposition, as provided in Article 1437;
(2) Extend the return day of the appeal, as provided in Article 2125;
(3) Make, or permit the making of, a written narrative of the facts of the case, as provided in Article 2131;
(4) Correct any misstatement, irregularity, informality, or omission of the trial record, as provided in Article 2132;
(5) Test the solvency of the surety on the appeal bond as of the date of its filing or subsequently, consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126;
(6) Grant an appeal to another party; or
(7) Execute or give effect to the judgment when its execution or effect is not suspended by the appeal. As amended Acts 1964, No. 4, § 1.”
From the foregoing statute it is clear that, where an appeal bond is required, the trial court is not divested of jurisdiction until the security is timely filed. See also Tri-State Finance Corp. v. Surry, La.App., 139 So.2d 100; Wulff v. Mayer, La.App., 144 So.2d 246.
In cases where a bond is filed, we recently held an appellate court may determine whether it was in fact timely filed. See Downey v. Bellue, et al., (rendered September 29, 1965), La.App., 178 So.2d 778.
In the Downey case, supra, we stated:
“ * * * it is the function of the appellate court to determine its own jurisdiction and the appellate court alone may determine whether an appeal is properly before it. Granting that a trial court may take certain action relative to an appeal before and after its jurisdiction is divested by the timely filing of an appeal bond, (See LSA-C.C.P. Article 2088), such power does not extend to the right to determine whether or not the appeal is properly before the appellate court. This latter right rests solely within the power and jurisdiction of the appellate court by virtue of its supervisory jurisdiction over the lower tribunal.”
*421 However, as hereinabove observed, there is at present nothing before this court in the instant matter and, as the record now exists, any motion to vacate the orders of appeal must be offered in the court below.
Accordingly, the motion to dismiss the appeal taken herein is overruled.