479 A.2d 1329

**Carl O. SNOWDEN et al.**

v.

**BALTIMORE GAS & ELECTRIC COMPANY.**

**No. 144, Sept. Term, 1983.**

Court of Appeals of Maryland.

Aug. 22, 1984.

556

Alan Hilliard Legum, Annapolis (Stephen H. Schwartz and Alan Hilliard Legum, P.A., Annapolis, on the brief), for appellants.

Stephen J. Rosasco and Michael D. Rind, Baltimore (James A. Biddison, Jr., Baltimore, and Frank C. Serio, Annapolis, on the brief), for appellee.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

ELDRIDGE, Judge.

Carl O. Snowden, "for himself and on behalf of all others similarly situated," commenced the present action by filing in the Circuit Court for Anne Arundel County a declaration against the Baltimore Gas & Electric Company. Snowden alleged in the declaration that he had telephoned the defendant to make a complaint concerning his bill, that during his telephone conversation with the defendant's Customer Service Representative he heard a "beep," and that he "was advised that it was the policy of the company to record all incoming calls relative to inquiries concerning service or billing." Snowden asserted that the defendant's actions with respect to his telephone call and similar telephone calls

of others were in violation of Maryland Code (1974, 1984 Repl.Vol.), §§ 10–401 through 10–412 of the Courts and Judicial Proceedings Article. Snowden stated that his suit was a class action, and he sought actual damages, punitive damages, and attorneys' fees under § 10–410 on behalf of himself and each of the other members of the class.

The defendant filed a demurrer, which the circuit court overruled, and then filed a general issue plea. Subsequently the defendant filed a "Motion ... For Determination of Non-Class Action Status," setting forth several reasons why the court should issue an order "declaring the nonrepresentative character of the action, and stating that only the rights of the individual named parties are bound thereby."

On July 18, 1983, the circuit court filed a memorandum opinion holding that "[b]ecause the named plaintiff's claim cannot be typical of a class, the named plaintiff cannot adequately represent a class," and that, therefore, the action was "non-representative in character and ... cannot proceed as a class action." The order concluded by stating "that Defendant's Motion for Determination of Non-class action be granted" and that "this action be dismissed as to the unnamed plaintiffs, members of the alleged class of others similarly situated."

The plaintiff on August 7, 1983, filed a motion requesting that the circuit court make its July 18th order final and appealable under former Rule 605 a.[1] The circuit court on

---

1. Former Rule 605 a provided as follows:
   "Rule 605. Multiple Claims—Judgment Upon ... Gen'l.
   a. *When Entered—As to Part or All.*
   "Where more than one claim for relief is presented in an action, whether as an original claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims. only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or

August 9, 1983, granted the plaintiff's motion, determined that there was no just reason for delay, and directed the entry of "final judgment ... in favor of the Defendant, with respect to the unnamed Plaintiffs, members of the alleged class of others similarly situated."

The plaintiff filed an order of appeal to the Court of Special Appeals from the August 9th order. After briefs were filed but before the case was argued in the intermediate appellate court, this Court issued a writ of certiorari. In our order directing the issuance of the writ, we requested the parties to file supplemental briefs on an additional question which the parties had not dealt with in their original briefs. The additional question was as follows:

"Whether the circuit court's order of August 9, 1983, constitutes an appealable judgment in light of Maryland Rule 605 a."

We shall answer in the negative and dismiss the appeal.

■ In their supplemental briefs and oral arguments, both sides take the position that the circuit court's August 9th order was appealable under Rule 605 a, although they obviously disagree over the merits of the order.[2] Neverthe-

---

other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

Effective July 1, 1984, the Rule was re-numbered Rule 3–602, and the wording was slightly modified. The minor changes in wording were not intended to effect any change in substance.

In this opinion, we shall refer to the Rule as Rule 605 a.

2. The defendant's principal contention, however, is that the plaintiff's declaration failed to set forth a cause of action and that, therefore, the circuit court erred in overruling the defendant's demurrer. This contention has no relation to the "Motion Of Defendant For Determination Of Non-Class Action Status" and the circuit court's interlocutory order granting that motion. Even if that order could have been made appealable under Rule 605 a, a party could not on such appeal obtain review of prior unrelated orders.

Rule 887, which provides that generally on an appeal from a final judgment, every previous interlocutory order shall be open to appellate review, only applies to appeals from final judgments in the usual sense. It does not ordinarily apply to permissible appeals from interlocutory orders, whether permitted under Code (1974, 1984 Repl. Vol.), § 12–303 of the Courts and Judicial Proceedings Article, or

less, as we have repeatedly stated, "appellate jurisdiction cannot be conferred on a reviewing court by consent of the litigants, and this Court will dismiss an appeal *sua sponte* when it recognizes that appellate jurisdiction is lacking." *Anthony Plumbing Of Md. v. Atty. Gen.*, 298 Md. 11, 16, 467 A.2d 504 (1983), and cases there cited.

■ It has been pointed out on several recent occasions that Rule 605 a empowers a trial court to enter a final judgment resolving part of a case only where there are multiple claims and the order disposes of at least one entire claim. An order which disposes of only a portion of a claim cannot be made final under Rule 605 a. *East v. Gilchrist*, 293 Md. 453, 458, 445 A.2d 343 (1982); *Lewis v. Lewis*, 290 Md. 175, 181, 428 A.2d 454 (1981); *Pappas v. Pappas*, 287 Md. 455, 464, 413 A.2d 549 (1980); *Biro v. Schombert*, 285 Md. 290, 294, 402 A.2d 71 (1979); *Diener Enterprises v. Miller*, 266 Md. 551, 554–556, 295 A.2d 270 (1972); *Harford*

permitted because the interlocutory orders are "deemed" final under a rule such as Rule 605 a or a principle such as the collateral order doctrine. *See Pappas v. Pappas*, 287 Md. 455, 413 A.2d 549 (1980). As one court has explained (*United States v. Fort Sill Apache Tribe, State of Okl.*, 507 F.2d 861, 863–864 (Ct.Cls.1974)):

"Thus while part 3 [of the defendant's appeal] is properly reviewable at this time, it is NOT a final decision to which may be added other matters for appeal, if they are orders in unrelated matters not part of the foundation of the decision appealed from.
\*　　\*　　\*　　\*　　\*　　\*

"Defendant's theory is that an allowable interlocutory appeal can be made to carry with it all previous orders and rulings whether or not separately appealable. This is true only to the extent they enter into the appealable ruling and are subsumed thereby. Defendant here wants its proper appeal to carry along wholly unrelated holdings."

In *Shaffer v. Globe Protection, Inc.*, 721 F.2d 1121, 1122, 1124 (7th Cir.1983), the court held that an appeal from a denial of a preliminary injunction "did not bring up for review an earlier denial of class action maintenance," as the earlier order did not "directly control" and was not "inextricably bound to the denial of the preliminary injunction." *See* the discussions in *Kershner v. Mazurkiewicz*, 670 F.2d 440 (3rd Cir.1982). *See also Pauls v. Secretary Of Air Force*, 457 F.2d 294, 298 (1st Cir.1972); *Tri-State Corp. v. Surry*, 139 So.2d 100, 107 (La.App.1962); *Bloomfield Royalty Corp. v. Carco Investments, Inc.*, 435 S.W.2d 178, 180 (Tex.Civ.App.1968).

*Sands, Inc. v. Levitt & Sons,* 27 Md.App. 702, 708–709, 343 A.2d 544, *cert. denied,* 276 Md. 744 (1975).

■ In addition, we have held that the term "multiple claims" in Rule 605 a includes multiple parties. *Starfish Condo. v. Yorkridge Serv.,* 292 Md. 557, 559–560 n. 4, 440 A.2d 373 (1982); *Lang v. Catterton,* 267 Md. 268, 297 A.2d 735 (1972); *Moritz v. Church Of Jesus Christ,* 266 Md. 220, 222, 292 A.2d 84 (1972); *Brooks v. Ford Motor Credit Co.,* 261 Md. 278, 274 A.2d 345 (1971); *Tedrow v. Ford Motor Co.,* 260 Md. 142, 271 A.2d 688 (1970); *Picking v. State Finance Co.,* 257 Md. 554, 557–558, 263 A.2d 572 (1970).[3] Consequently, if a trial court's order is dispositive with respect to one party, the order can be made final as to that party by the express determination and direction required under Rule 605 a. *See Picking v. State Finance Co., supra,* 257 Md. at 558, 263 A.2d at 574; *Prickett v. Consolidated Liquidating Corp.,* 180 F.2d 8, 9, 196 F.2d 67, 68 (9 Cir.1950, 1952); 6 J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* §§ 54.33, 54.34 (2d ed. 1983).

On the other hand, this Court has not previously considered whether an order that a case may not proceed as a class action can be made final under Rule 605 a on the theory that it is dispositive as to certain "parties," *i.e.,* the "unnamed plaintiffs, members of the alleged class of others similarly situated." The federal courts, however, have considered this issue. And, as Judge Digges stated for the Court in *Diener Enterprises v. Miller, supra,* 266 Md. at 554, 295 A.2d at 472, Rule 605 a "was modeled after Rule 54(b) of the Federal Rules of Civil Procedure and uses substantially the same language. This renders interpretations of the federal rule especially persuasive as to the meaning of the Maryland Rule." *See Lewis v. Lewis, supra,* 290 Md. at 181, 428 A.2d at 457; *Biro v. Schombert, supra,* 285 Md. at 295, 402 A.2d at 74.

---

**3.** New Rule 3–602 embodies these holdings by expressly referring to "multiple parties."

The Supreme Court of the United States, in *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), considered the appealability of a trial court's order determining that an action could not be maintained as a class action and held that such order was not appealable as a "final decision." Although the *Livesay* case did not involve a trial court's attempt to make the order appealable under Federal Rule 54(b), the Supreme Court's opinion is instructive on the issue. In holding that the order was interlocutory, that it was not appealable under the "collateral order doctrine," and that it was not appealable under the "death knell" theory developed by some lower federal courts,[4] the Supreme Court pointed out that under Federal Rule 23(c)(1) the order is specifically subject to later revision by the trial court. 437 U.S. at 469, 98 S.Ct. at 2458.[5] The Supreme Court went on to observe that "the class determination generally involves considerations that are 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *Ibid.*, quoting from *Mercantile Nat. Bank v. Langdeau*, 371 U.S. 555, 558, 83 S.Ct. 520, 522, 9 L.Ed.2d 523 (1963).[6] The opinion in *Livesay* charac-

---

**4.** The Supreme Court described the "death knell" theory as follows (437 U.S. at 469–470, 98 S.Ct. at 2458):

"Several Circuits, including the Court of Appeals in this case, have held that an order denying class certification is appealable if it is likely to sound the 'death knell' of the litigation. The 'death knell' doctrine assumes that without the incentive of a possible group recovery the individual plaintiff may find it economically imprudent to pursue his lawsuit to a final judgment and then seek appellate review of an adverse class determination. Without questioning this assumption, we hold that orders relating to class certification are not independently appealable under § 1291 prior to judgment."

**5.** The Court relied on the language of Federal Rule 23(c)(1) that the order may be "'altered or amended before the decision on the merits.'" 437 U.S. at 469 n. 11, 98 S.Ct. at 2458 n. 11. Maryland Rule 2–231(c) contains identical language. In fact, as the committee notes under Maryland Rule 2–231 indicate, our class action rule is almost entirely derived from Federal Rule 23.

**6.** *See also Sigma Repro. Health Cen. v. State*, 297 Md. 660, 668–669, 467 A.2d 483 (1983), discussing this aspect of the *Livesay* case.

terized a refusal to certify a class as being "inherently interlocutory." 437 U.S. at 470, 98 S.Ct. at 2458. Finally, the Supreme Court discussed the availability of the Federal Interlocutory Appeals Act of 1958, 28 U.S.C. § 1292(b), which provides for discretionary appeals from certain interlocutory orders. The Court indicated that, where an appeal was desirable, this statute furnished the appropriate route for appellate review of orders refusing to certify a class. *Id.* at 474–475, 98 S.Ct. at 2460–2461.[7] The Court did not mention Federal Rule 54(b) as an available alternate route. Rather, the Supreme Court quoted from Judge Friendly's concurring opinion in *Parkinson v. April Industries, Inc.*, 520 F.2d 650, 660 (2nd Cir.1975), that " 'the best solution is to hold that appeals from the grant or denial of class action designation can be taken *only* under the procedure for interlocutory appeals provided by 28 U.S.C. 1292(b).' " *Id.* at 475 n. 27, 98 S.Ct. at 2461–2462 n. 27, emphasis added.

■■■ As previously indicated, the authorization in Federal Rule 54(b) and Maryland Rule 605 a for trial judges to make certain orders appealable, is limited to orders which, by their nature, have a characteristic of finality. Such orders must be completely dispositive of an entire claim or party. The emphasis in the Supreme Court's *Livesay* opinion upon the inherently interlocutory nature of orders refusing to certify suits as class actions, and the Court's indication that 28 U.S.C. § 1292(b) provides the only route under federal procedure for appeal of such orders, strongly suggests that the orders may not be made final and appealable under Federal Rule 54(b).

---

7. Section 1292(b) of 28 U.S.C. permits a United States Court of Appeals, in its discretion, to entertain an appeal from an interlocutory order where the district judge states that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." Maryland has no statute or rule comparable to § 1292(b).

Following the Supreme Court's opinion in *Coopers & Lybrand v. Livesay, supra,* one federal appellate court has dealt with the question presented in the instant case and has decided that a trial court's order refusing to certify an action as a class action cannot be made final and appealable under Federal Rule 54(b). In *Minority Pol. Off. Ass'n v. City of South Bend, Ind.,* 721 F.2d 197 (7th Cir.1983), where the trial judge had made the requisite determination and direction under Rule 54(b), the United States Court of Appeals for the Seventh Circuit dismissed an appeal from a purported "final Judgment" with respect to the class action issue. The Seventh Circuit reasoned as follows (721 F.2d at 201):

> "The only reason the district judge refused to certify this lawsuit as a class action was that he thought the members of the class too few to satisfy the requirements of Rule 23. Their claims are identical to those of the named plaintiffs. In any event, the Supreme Court's decision that refusals to certify actions as class actions are not appealable under the 'collateral order' doctrine, *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978), implies that they are not appealable under Rule 54(b) either. The argument for appeal that the Court rejected was that such a refusal was sufficiently final as a practical matter to be a 'final decision' within the meaning of 28 U.S.C. § 1291 interpreted in light of the 'collateral order' doctrine. Since a federal rule of civil procedure cannot enlarge the jurisdiction of the district court (Fed.R.Civ.P. 82), Rule 54(b) only allows appeals from orders that are in some sense final. *See, e.g., Western Geophysical Co. of America v. Bolt Assocs.,* 463 F.2d 101, 102–03 (2d Cir.1972). And since *Livesay* holds that refusals to certify a case as a class action are not final, they cannot be appealed under Rule 54(b) any more than they can be appealed under section 1291 directly."

Although the case was decided shortly before the Supreme Court's *Livesay* decision, the United States Court of Appeals for the Tenth Circuit reached the same conclusion

in *West v. Capitol Federal Sav. And Loan Ass'n*, 558 F.2d 977 (10th Cir.1977). That was a class action suit under the antitrust laws, and the district court denied class action certification. Like the circuit court in the instant case, the district court in *West* determined that there was no just reason for delay, dismissed the action as to all but the named plaintiffs and directed the entry of final judgment in favor of the defendants with respect to all but the named plaintiffs. In holding that the order could not be made reviewable under Rule 54(b), the Tenth Circuit pointed out that it was not dispositive with respect to any parties, because the unnamed plaintiffs in such an action cannot be considered "parties" for purposes of Rule 54(b) until there is class action certification and notice. The Court of Appeals explained (558 F.2d at 980):

> "The notice of appeal is from both the denial of class certification and the dismissal of the action against the putative members of the class. At the time of dismissal the putative members were not parties to the suit. Class certification had been denied and no notice had been given to the nonappearing class members as required by Rule 23(c)(2) if the suit is to proceed as a class action. Until class certification is followed by notice the members of the potential class are 'mere passive beneficiaries' who do not 'have any duty to take note of the suit.' *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 552, 94 S.Ct. 756, 765, 38 L.Ed.2d 713. Notice is 'an unambiguous requirement of Rule 23.' *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176, 94 S.Ct. 2140, 2152, 40 L.Ed.2d 732. A personal judgment entered without jurisdiction over the person violates due process and is void. *Hanson v. Denckla*, 357 U.S. 235, 250, 78 S.Ct. 1228 [1237], 2 L.Ed.2d 1283."

The Court went on to point out that, as to the named plaintiffs, there was no final judgment against them with regard to any claim, *id.* at 982.

In our view, the opinions of the Seventh and Tenth Circuits in the above-discussed cases are sound. We have discovered no reasoned holdings to the contrary.

In arguing that the order in the case at bar was appealable, the plaintiff relies on three cases. They are *Hayes v. Sealtest Foods Division of Nat. Dairy Prod. Corp.*, 396 F.2d 448 (3rd Cir.1968); *Katz v. Carte Blanche Corporation*, 496 F.2d 747 (3rd Cir.1973), *cert. denied*, 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974); and *Windham v. American Brands, Inc.*, 539 F.2d 1016 (4th Cir.1976). These cases are not persuasive authority supporting the plaintiff's construction of Maryland Rule 605 a. First, all three cases were decided before the Supreme Court's opinion in *Coopers & Lybrand v. Livesay, supra.* Moreover, the *decisions* in neither the *Hayes* case nor the *Katz* case support the plaintiff's position. Although there is a comment in *Hayes*, 396 F.2d at 449, which might arguably support the proposition that an interlocutory order denying class action certification could be made appealable under Federal Rule 54(b), the case itself involved an appeal from a final judgment dismissing the plaintiffs' complaint. *Katz*, while containing a one sentence dictum that a denial of class action treatment could be made appealable under Federal Rule 54(b), *see* 496 F.2d at 752, was an appeal under 28 U.S.C. § 1292(b).[8] In the *Windham* case, where the district court had denied class action certification and had purported to make the judgment final under Federal Rule 54(b), the Fourth Circuit, without any reasoning or discussion, merely

---

**8.** *See also De Masi v. Weiss,* 669 F.2d 114, 119 (3rd Cir.1982), where the same court in this context did not mention Federal Rule 54(b). The court in *De Masi* thus stated:

"We therefore adhere to the clear and settled precepts of this court: a class action determination, affirmative or negative, is not a final order appealable under 28 U.S.C. § 1291. *Hackett v. General Host Corp.*, 455 F.2d 618 (3d Cir.), *cert. denied*, 407 U.S. 925, 92 S.Ct. 2460, 32 L.Ed.2d 812 (1972). *See Coopers & Lybrand v. Livesay,* 437 U.S. 463, 476, 98 S.Ct. 2454, 2462, 57 L.Ed.2d 351 (1978). If there is any route open for the interlocutory review of the grant or denial of class certification, at least in this case, it is pursuant to 28 U.S.C. § 1292(b). *Katz,* 496 F.2d at 752 ...."

stated that "[w]e accept such certification as appropriate," citing the *Hayes* and *Katz* cases. 539 F.2d at 1020.[9]

■ We conclude, therefore, that the circuit court's order in this case was not dispositive with respect to an entire claim or party and could not be made appealable under Rule 605 a.

APPEAL DISMISSED.

COSTS TO BE EQUALLY DIVIDED.

---

**9.** In *West v. Capitol Federal Sav. and Loan Ass'n,* 558 F.2d 977, 980 (10th Cir.1977), the Court of Appeals discussed *Hayes, Katz* and *Windham,* and distinguished those cases as we have.