961 A.2d 1161

ROYAL FINANCIAL SERVICES, INC.

v.

David EASON, et al.

No. 17, Sept. Term, 2008.

Court of Special Appeals of Maryland.

Dec. 8, 2008.

Kathleen M. Bustraan (Jennifer S. Lubinski, Lord & Whip PA on the brief), Baltimore, for Appellant.

Thomas Kelly (Law Offices of Peter G. Angelos, PC on the brief), Baltimore, for Appellee.

Panel: JAMES R. EYLER, WRIGHT, and JUDITH C. ENSOR (Specially assigned), JJ.

JAMES R. EYLER, Judge.

David Eason, et al.,[1] appellees, filed a class action complaint in the Circuit Court for Baltimore City seeking damages from Royal Financial Services, Inc., appellant, for allegedly violating Maryland's Secondary Mortgage Loan Law and Credit

---

1. The other appellees are Nicholas and Catherine Bonner and Charlotte Taft.

Grantor Closed End Credit Provisions, which are found in Maryland Code (2006 Repl.Vol.), §§ 12–401 *et seq.* and 12–1001 *et seq.* of the Commercial Law Article ("C.L."). The trial court certified the action as a class action. On appeal, appellant contends that the trial court abused its discretion when it certified the class action. As explained below, we shall dismiss the appeal.

## Procedural Background

On March 30, 2007, appellees filed a class action complaint, seeking damages from appellant for allegedly violating Maryland's Secondary Mortgage Loan Law, found in C.L. § 12–401 *et seq.* On October 31, 2007, appellees filed an amended class action complaint, alleging violations of Maryland's Credit Grantor Closed End Credit Provisions, found in C.L. § 12–1001 *et seq.* On January 7, 2008, appellees filed a motion seeking class action certification. On February 4, 2008, after hearing argument on the motion, the trial court certified the class action, defined the class, appointed class representatives, and appointed class counsel. The trial court did not take any further action. On March 5, 2008, appellant filed a notice of appeal.

On March 24, 2008, appellees moved to dismiss the appeal, arguing that this Court did not have jurisdiction because the trial court's class certification order was not a final judgment. Appellant countered by arguing that this Court had jurisdiction over the appeal under the collateral order doctrine. This Court denied appellees' motion to dismiss without prejudice, and explicitly reserved appellees' right to renew their motion in their brief.

## Discussion

In their brief, appellees did not renew their motion to dismiss, or raise any jurisdictional arguments. Nevertheless, we must dismiss this appeal if jurisdiction is lacking, and may address that issue *nostra sponte.* *See Snowden v. Baltimore Gas & Electric Co.,* 300 Md. 555, 560, 479 A.2d 1329 (1984). In this case, jurisdiction is lacking because the trial court's class

certification order was not a final judgment, and the appeal does not fall within any of the exceptions to the final judgment rule.

 Generally, a party may appeal only from a final judgment. *Rohrbeck v. Rohrbeck,* 318 Md. 28, 41, 566 A.2d 767 (1989). A final judgment exists only when (1) the court intends for the judgment to constitute an unqualified final disposition of the matter; (2) the court adjudicates all of the claims of the parties; and (3) the clerk properly records the judgment in accordance with Maryland Rule 2–601. *Id.* The trial court in this case did not render a final judgment when it certified the class action because the trial court did not intend the order to constitute a final disposition of the matter and the court did not adjudicate any of the parties' liability or damages claims.

A party can appeal a non-final judgment in three limited circumstances. *Bd. of Educ. v. Bradford,* 387 Md. 353, 382–83, 875 A.2d 703 (2005). Specifically, parties may appeal non-final judgments (1) from specific orders enumerated in Maryland Code (2006 Repl.Vol.), § 12–303 of the Courts & Judicial Proceedings Article ("C.J."); (2) when the trial court acted in accordance with Maryland Rule 2–602(b); or, (3) that fall under the common law collateral order doctrine. *Id.; Frase v. Barnhart,* 379 Md. 100, 109–10, 840 A.2d 114 (2003); *Shoemaker v. Smith,* 353 Md. 143, 165, 725 A.2d 549 (1999). C.J. § 12–303 does not apply in this case because class action certification orders are not among the appealable orders listed in the statute. Likewise, Rule 2–602(b) does not apply in this case because the trial court did not enter an order pursuant to that rule and, moreover, could not have entered such an order because the class certification was not dispositive as to an entire claim or party. *Snowden,* 300 Md. at 567, 479 A.2d 1329.

 The collateral order doctrine provides jurisdiction over non-final orders if the order (1) conclusively determines the disputed question, (2) resolves an important issue that is completely separate from the merits of the action, and (3) is

effectively unreviewable on appeal from a final judgment. *Anne Arundel County v. Cambridge Commons,* 167 Md.App. 219, 228, 892 A.2d 593 (2005) (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)).

In this case, none of the three elements is satisfied. First, the trial court's order did not conclusively determine any disputed question because a class certification order is expressly subject to revision. Md. Rule 2–231(c). Second, the trial court's order did not resolve an important issue completely separate from the merits of the action because class certification involves considerations " 'enmeshed in factual and legal issues comprising the plaintiff's cause of action.' " *Snowden,* 300 Md. at 562, 479 A.2d 1329 (quoting *Coopers,* 437 U.S. at 469, 98 S.Ct. 2454). Third, class certification orders, which do not decide other issues, are ordinarily capable of effective review on appeal from a final judgment. *Philip Morris v. Angeletti,* 358 Md. 689, 714–15, 752 A.2d 200 (2000). Therefore, this case does not satisfy any of the collateral order doctrine's three elements, and thus the collateral order doctrine does not apply.

Language in Maryland case law supports our analysis, even though the Courts did not directly decide the issue before us. For example, in *Philip Morris v. Christensen,* 394 Md. 227, 905 A.2d 340 (2006), the issue was whether the filing of a class action, when class certification was denied by the court, tolls the statute of limitations as to persons who would have been members of the class had the class action been permitted. The Court stated that "[u]nder Maryland law ... a [trial] court's ruling on a class certification issue is typically a nonappealable interlocutory order, and hence is reviewable only after entry of a final judgment in the underlying action." *Id.* at 264–65 n. 14, 905 A.2d 340. Likewise, in *Snowden,* the Court, in holding that an order denying class certification could not be made appealable under what is now Maryland Rule 2–602(b), implicitly assumed that a plaintiff could not otherwise appeal from the trial court's denial of class certification. 300 Md. at 567, 479 A.2d 1329. Thus, under Maryland

law, interlocutory appeals from class certification orders are ordinarily not permitted.[2]

Appellant relies heavily on *Angeletti* and *Cambridge Commons*. In *Angeletti*, the circuit court entered an order that certified two classes comprised of Maryland residents who were current or former users of tobacco products, named class representatives, and named class counsel. 358 Md. at 702, 752 A.2d 200. The court implicitly approved a trial plan, consisting of three phases. *Id.* The defendants, presumably recognizing that the order was not appealable, filed a petition for writ of mandamus or writ of prohibition in the Court of Appeals, requesting the Court to issue a writ directing the circuit court to decertify the classes. *Id.* at 703, 752 A.2d 200. The Court granted the petition because of the extraordinary amount of resources that would be wasted if, after a trial of all phases, and the entry of a final judgment, class certification was reversed on appeal. *Id.* at 714–19, 752 A.2d 200. The Court noted that a petition for writ of mandamus is not an appeal. *Id.* at 709, 752 A.2d 200. Significantly, the Court reaffirmed its commitment to the final judgment rule, emphasizing the extraordinary nature of the case before it and the extraordinary relief that was granted. *Id.* at 721–22, 752 A.2d 200.

Thus, *Angeletti* provides no support for maintenance of this appeal because it did not involve an appeal, and it was "extraordinary because of the immense amount of time and expense that both the parties and the judicial system of this State [would have] incurred [if] the litigation [had] proceed[ed] as a class action, as well as the astronomical number of persons in Maryland whose lives [would have been] affected

---

2. The Court of Appeals has shown no inclination to change the existing law. Maryland Rule 2-231, which governs class action certification, is derived from the 1996 version of Federal Rule of Civil Procedure ("FRCP") 23. *See* Md. Rule 2–231. In 1998, FRCP 23 was amended to expressly authorize federal courts of appeal, in their discretion, to permit interlocutory appeals from class certification orders. *See* Fed. R.Civ.P. 23(f). In the decade since the modification of FRCP 23, the Court of Appeals has not amended Maryland's class certification rule to reflect FRCP 23's 1998 amendment.

by [the] decision either way." *Id.* at 722, 752 A.2d 200. In the case before us, the class is in "the neighborhood of 63 plaintiffs" who allegedly received secondary mortgage loans attributable to appellant, in which they were charged illegal costs or fees. The resources utilized in the trial of this case will not approach the resources required in the tobacco litigation, described in *Angeletti*, or the asbestos litigation, described in *ACandS, Inc. v. Godwin*, 340 Md. 334, 667 A.2d 116 (1995), where a consolidation of several thousand cases for trial on common issues was upheld. The class in this case is relatively small, presents a relatively small number of issues, and it is unlikely that the expended resources of the judiciary and appellant will be wasted or so substantial, if class certification is ultimately ruled to be inappropriate, that we should take the extraordinary step of recognizing this appeal.

As stated above, an interlocutory appeal from an order granting or denying class certification *ordinarily* will not be permitted. There are exceptions, *i.e.*, cases in which the collateral order doctrine will apply. An example is *Cambridge Commons*. In that case, owners and developers of property filed an action against Anne Arundel County, seeking the refund of developmental impact fees that had been collected but not spent. *Cambridge Commons*, 167 Md.App. at 222, 892 A.2d 593. The circuit court certified the action as a class action, directed the preparation of a form of notice to be issued at the County's expense, and ordered the County to provide a list of all then current owners of properties for which impact fees were paid. *Id.* The dispositive question before this Court was whether the circuit court abused its discretion with respect to "class notice." *Id.* at 224, 892 A.2d 593. In *Cambridge Commons*, the contention was that searching records to provide a list of class members and incurring the cost of providing notice was unduly burdensome. The determination of research and cost was conclusively determined by the circuit court's order, was separable from the merits, and if the County were correct, requiring the County to search its records could not have been effectively undone, if

on appeal from a final judgment, the appellate court agreed with the County. *Id.* at 231, 892 A.2d 593.

Unlike the class certification order in *Cambridge Commons* that contained allegedly burdensome research and cost provisions, the class certification order in the case before us does not contain such provisions. Rather, the class certification order merely certified the class action, defined the class, appointed class representatives, and appointed class counsel.

Federal jurisprudence also suggests that we do not have jurisdiction over this appeal. As mentioned above, federal law allows appellate courts to exercise discretion when deciding whether to hear appeals from non-final judgments regarding class certification. Fed.R.Civ.P. 23(f). While the federal rule differs from the Maryland rule, federal cases addressing when the discretion should be exercised are consistent with our conclusion in this case.

Although "[p]ermission to appeal may be granted or denied on the basis of any consideration that the court of appeals finds persuasive," Fed.R.Civ.P. 23(f) advisory committee's note, federal courts typically consider five factors when deciding whether to exercise their discretion and hear interlocutory appeals of class certification orders. *See, e.g., Lienhart v. Dryvit Sys., Inc.,* 255 F.3d 138, 144 (4th Cir.2001). Specifically, federal courts consider:

> (1) whether the certification ruling is likely dispositive of the litigation; (2) whether the district court's certification decision contains a substantial weakness; (3) whether the appeal will permit the resolution of an unsettled legal question of general importance; (4) the nature and status of the litigation before the district court (such as the presence of outstanding dispositive motions and the status of discovery); and (5) the likelihood that future events will make appellate review more or less appropriate.

*Id.*

Even under the permissive appeal procedure in federal courts, this case likely would not be an appropriate candidate for a permissive appeal. First, the certification ruling likely is

not dispositive of the litigation, as both parties have indicated that they intend to contest liability and damages. Second, the trial court's certification decision does not contain obvious substantial weaknesses.[3] Third, by hearing an interlocutory appeal, this Court would not resolve any important unsettled legal issues. Fourth, the litigation still is immature because it is in discovery and the parties have not filed summary judgment motions. Fifth, this Court does not perceive any future events that would make immediate interlocutory appellate review necessary. Thus, even under permissive federal jurisprudence, this appeal likely would not be permitted.

**APPEAL DISMISSED. COSTS TO BE PAID BY APPELLANT.**

---

**3.** The court made all of the findings required by Rule 2–231.